Haines *v.* Biddle et al., Appellants.

Argued December 2, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellants.

*G. Herbert Jenkins,* with him *Joseph G. Lester,* for appellee.

OPINION BY MR. JUSTICE DREW, January 11, 1937:

In the middle of October, 1929, plaintiff visited the offices of the defendant brokers, seeking advice on the sale or retention of the securities she then had. As a result of a conference with one of defendants' salesmen she gave orders to sell certain bonds and to apply the proceeds to the purchase of ninety-four shares of the Class A Common Stock of the Public Utilities Consolidated Corporation. We must assume that the relationship was one of principal and agent. The bonds were sold and the stock purchased, fifty-four shares being furnished by defendants and forty shares by one of defendants' other salesmen. There is no question as to plaintiff's knowledge of the ownership of the latter shares; whether or not she knew of defendants' ownership of the larger group of shares, along with the question of the severability of the transaction, are the disputed points in the case.

No sooner had plaintiff purchased the stock when a receiver was appointed for the corporation, the market for the stock disappeared and it lost all value. Plaintiff refused defendants' subsequent tender of the certificates, and, proceeding upon the theory that she had rescinded the transaction, instituted this suit in assumpsit to recover the purchase price. There have been two trials. The first resulted in a nonsuit and the second in a verdict for plaintiff for the purchase price of all the shares. Judgment was entered on the verdict and defendants have appealed.

At the outset it is to be noted that plaintiff's attempt to show that defendants knew or should have known of the impending collapse of the Public Utilities Consolidated Corporation at the time she was advised to purchase the stock failed completely, and the learned trial judge correctly charged the jury that there could be no recovery on any such theory of the case.

Plaintiff's recovery can only be founded upon the proposition that defendants were her agents to purchase the shares in question and that they were under a duty to disclose their ownership of the subject matter of the sale (see *Finch v. Conrade's Executor*, 154 Pa. 326; Meyer, Stockbrokers and Stock Exchanges (1931) section 51; Restatement, Agency, section 389, Illus. 1), failing in which she could rescind the purchase: see *Meyer*, supra, section 51. This is because such transactions are regarded as against the policy of the law. Mr. Justice STERRETT, speaking for the court, said in *Rice v. Davis*, 136 Pa. 439, 442, "The principle, underlying this case that an agent for the sale of property cannot at the same time act as agent for the purchase thereof, or interest himself therein, and thus entitle himself to compensation from both vendor and vendee, is grounded on the infallible declaration that 'no man can serve two masters.' As a rule of public policy, it is distinctly recognized in our text-books on agency, and in numerous adjudicated cases, among which are *Everhart v. Searle*, 71 Pa. 256; *Penna. R. Co. v. Flanigan*, 112 Pa. 558, and cases there cited. It forbids that any one intrusted with the interests of others shall in any manner make the business an object of personal interest to himself, because, from a frailty of nature, one who has the power will be too readily seized with the inclination to use the opportunity for serving his own interests at the expense of his principal. . . . It matters not that no fraud was meditated, and no injury done. The rule is not intended to be remedial of actual wrong, but preventive of the possibility of it."

This principle has been applied to stockbrokers in *Hall v. Paine,* 224 Mass. 62; *Trowbridge v. O'Neill,* 243 Mich. 84; *Taussig v. Hart,* 58 N. Y. 425; *Williams v. Bolling,* 138 Va. 244.

Defendants contend, however, that the transaction was "over the counter", and that the relationship was one of buyer and seller and not that of principal and agent. They further argue that plaintiff was informed of their ownership, in any event. The evidence was clearly sufficient to support a finding that the relationship was one of principal and agent. Such being the case it was incumbent upon defendants to disclose their ownership of the stock they were about to sell. The burden of proving that they did so was on defendants. Their salesman testified that he did tell plaintiff of his firm's ownership, but this testimony, being oral, was for the jury, whose verdict has resolved the issue in plaintiff's favor: *Nanty-Glo Borough v. American Surety Company,* 309 Pa. 236. Nor can we say that plaintiff's testimony on this feature of the case was insufficient as a matter of law to warrant taking the case to the jury.

The learned court below erred, however, in holding that the contract was entire and indivisible, and that plaintiff might recover from defendants the price of the forty shares which she paid, not to them, but to one of their salesmen, in a transaction entirely apart from her purchase of the fifty-four shares from defendants. It is at variance with the facts of the case to say that both transactions were one and to hold defendants liable to reimburse plaintiff for the price paid for their stock, which they sold her, upon the theory that they failed to tell her that they owned it, and on the same theory to hold them liable to reimburse plaintiff for the price paid for the salesman's stock, which they did not own, which they did not sell, which she was told belonged to one of their salesmen, and which she purchased directly from the salesman. The defendants bought plaintiff's bonds, sold her fifty-four shares

of stock, and tendered her a statement of both transactions together with a check in payment of the balance due her, the cost of the stock being less than the selling price of the bonds. To this sum plaintiff added other funds in order to make payment to the salesman, several days later, for the forty shares purchased from him. Plaintiff's only valid claim is based upon defendants' failure to divulge the ownership of its shares, and the measure of her recovery must necessarily be limited to what she paid for them, namely $1,566.

The judgment of the court below is reduced to $1,566, with interest from October 23, 1929, and as so reduced it is affirmed.