## Schott et al. v. Senger Transportation Company et al.

*H. L. Judovich*, for plaintiffs.

*C. L. Cushmore, Jr.*, for defendant.

*Herman A. Becker*, for additional defendant.

ALESSANDRONI, J., December 23, 1940.—This is a petition of Charles H. Behrendt, the additional defendant, to

set aside the findings of this court and the judgments entered thereon in an action of trespass tried without a jury.

Petitioner was the owner and operator of a motor vehicle in which plaintiffs were passengers when it collided with a truck of defendant corporation. Petitioner instituted an action against defendant corporation which resulted in a verdict and judgment for defendant. See Charles Behrendt and Rose Behrendt v. Senger Transportation Company, C. P. 2, June term, 1937, no. 3750. Thereafter, this action was instituted on behalf of the passengers in petitioner's motor vehicle against the same defendant. Plaintiffs, in each of the actions, were represented by the same attorney, lately a member of the Philadelphia Bar. A writ of scire facias was issued to bring petitioner upon the record as an additional defendant.

It is averred that petitioner delivered the writ to the attorney for plaintiffs who drafted an answer thereto which was signed and sworn to by petitioner. Petitioner alleges, however, that he did not understand the nature of the writ and was assured by the attorney that he was only a witness in the action on behalf of plaintiffs. Subsequently he was notified to prepare for trial and did so in the belief that he was merely a witness. On February 5, 1940, the court found in favor of the original defendant, but in favor of plaintiffs against petitioner as additional defendant. It is averred that at the time of the accident the adult plaintiffs, Henry Schott, Sr., and Anna S. Schott, joined and acquiesced in defendant's conduct in driving his motor vehicle and were therefore guilty of contributory negligence barring recovery. These facts, however, were not elicited at the trial of the issue.

On February 17, 1940, the original defendant entered judgment upon the finding in his favor and subsequently on September 5, 1940, plaintiffs entered judgment on the finding in their favor against petitioner.

It is contended that petitioner never knew that he was an additional defendant and never consented to his repre-

sentation, and further, that he was prejudiced since, by reason of the representation of adverse interests, his rights could not be and were not protected.

An answer was filed to the petition by plaintiffs in which all the averments were denied and it was specifically averred that petitioner was fully apprised of his position with its attendant rights and liability. It is further denied that the adult plaintiffs acquiesced in defendant's conduct or were guilty of contributory negligence.

An answer was also filed by the original defendant in which it is averred that petitioner is estopped to deny his knowledge of the averments of the answer to the writ of scire facias since he not only signed but also swore to the answer and was able to read and write the English language. The remaining averments of the petition not being within the knowledge of the original defendant are not material, but proof thereof demanded if they are material.

No depositions were taken pursuant to the petition and answer. Petitioner, in the brief filed in his behalf, states that for the purposes of argument on this petition both plaintiffs and original defendant concede that the averments of the petition are true, so that petitioner did not know he was a defendant, never consented to be represented by his counsel, and believed that he was merely a witness. The remaining material allegation is the alleged contributory negligence of the adult plaintiffs.

In the original action in which petitioner was plaintiff, a jury returned a verdict in favor of defendant. The notes of testimony in that action were incorporated in the present action and were carefully reviewed by this court. It was clear that the operator of the motor vehicle of the original defendant was not in any way responsible for the accident, and the collision resulted solely from the conduct of petitioner. Furthermore, after examining the respective versions of the accident in two separate proceedings, it is most difficult to understand how plaintiffs in this action could have been guilty of contributory negli-

gence by reason of their conduct as passengers. The collision occurred as a result of petitioner's negligence in suddenly driving to the left of the line of traffic on to the wrong side of the highway.

We are, therefore, not impressed by the contention that petitioner was harmed in the litigation and trial of this case. We are confronted, however, with the fact that the same attorney represented a plaintiff and an additional defendant in the same action. In the leading case of Everhart v. Searle, 71 Pa. 256, it was held that such a transaction is to be regarded as against public policy and not binding upon a party who has a right to object to it. Reference was made to Hare and Wallace's Notes, 1 Lead. Cases in Eq. 210, wherein it is stated:

"It matters not that there was no fraud meditated and no injury done; the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it."

The danger to be avoided is that of the possibility of temptation for doing wrong which arises from the particular situation. See also Haines v. Biddle et al., 325 Pa. 441, Quell v. Boyajian, 90 Pa. Superior Ct. 386, and Thornton on Attorneys, sec. 179.

It would appear, therefore, that the finding of this court in favor of plaintiffs against petitioner and the judgment entered thereon within the very term of court that this petition was filed cannot stand even though the additional defendant was not injured by the representation.

Examining the petition and the averments contained therein with respect to the original defendant, we are of the opinion that it is insufficient upon its face to justify any relief. It is not averred that the finding of the court in favor of the original defendant was incorrect, nor is it contended that the original defendant was in fact guilty of negligence. The only neglect complained of is that the court was not afforded the opportunity to pass upon the contributory negligence of the adult plaintiffs and petitioner could not by the fact of his representation properly

contest the extent of the injury and the amount of the damages. Petitioner, therefore, does not object to that part of the judgment based upon the finding in favor of the original defendant. Furthermore, two terms of court intervened between the time judgment was entered in favor of the original defendant and the present petition was filed. Under such circumstances the court is without jurisdiction to disturb the judgment entered after an adverse proceeding: Nixon v. Nixon, 329 Pa. 256, 264; Kappel v. Meth, 125 Pa. Superior Ct. 443, 450; Dormont Motors, Inc., for use, v. Hoerr, 132 Pa. Superior Ct. 567. There is no averment in the petition that the original defendant was in any manner connected with the wrong done petitioner. In fact, the petition does not aver fraud and any matters of which complaint is made in no way concern the judgment which has been entered in favor of the original defendant.

We are, therefore, of the opinion that the petition to open the judgment, set aside the verdict, and grant a new trial should be allowed as to plaintiffs but should be dismissed as to the original defendant who has already defended this action in two separate proceedings.

And now, to wit, December 23, 1940, the petition of the additional defendant to open judgment, set aside the verdict, and grant a new trial, is granted as to plaintiffs, and dismissed as to original defendant.