## Cox v. McCarter

*Newman & Master*, for plaintiff.

*R. C. Cooney*, for defendant.

HAGAN, J., January 13, 1956.—This matter is before the court on defendant's preliminary objections to plaintiff's amended complaint in assumpsit.

Plaintiff's original complaint averred that plaintiff and defendant were licensed real estate brokers; that defendant obtained from Temple University (herein-

after called "Temple") the exclusive right to represent Temple with respect to the sale of a certain tract of land; that plaintiff met with one Weiss, who wished to purchase the land; that Weiss submitted an offer to purchase the property for $710,000 to plaintiff, which was to be transmitted to Temple through defendant; that plaintiff verbally transmitted the offer to defendant; that plaintiff and defendant agreed to divide equally between them any commissions to be obtained from Temple after the execution of an agreement of sale and settlement; that at a meeting of plaintiff, defendant, Weiss and the attorney for Temple, an agreement of sale was prepared and delivered to defendant by plaintiff, together with a check in the amount of $50,000 as down payment; that defendant accepted the agreement of sale and the check from plaintiff with the agreement that "defendant would submit said agreement and check to Temple University, and would do everything he could to obtain approval and acceptance of said Agreement, and the execution thereof by proper officers of said University"; that the agreement of sale submitted by plaintiff on behalf of Weiss provided that Temple had until November 5, 1954, to accept the agreement; that defendant offered the property to a certain other buyer or buyers for the sum of $706,000 and submitted an offer to purchase for $706,000 to Temple and obtained acceptance and approval by Temple of said offer; that defendant breached his agreement with plaintiff by failing "to do all things by him to be done, in and about the obtaining of consent and approval of Temple University of the offer submitted by Weiss". The prayer of the complaint was for judgment in the amount of one-half of the five percent commission to which plaintiff would have become entitled had Temple accepted the offer of Weiss.

Defendant filed preliminary objections to the complaint, which objections were sustained, with leave to plaintiff to amend. In sustaining the preliminary objections, the court filed an opinion in which it was stated that plaintiff's action was based upon his averment that defendant "failed and refused to do all things by him to be done, in and about obtaining the consent and approval of Temple University of the offer submitted by Weiss" and that this averment was vague and insufficient. We there held that, in view of the relationship between defendant and Temple (i.e., that of agent and principal), defendant could not have legally undertaken to induce Temple to accept the offer of Weiss, and that the only duty owed by defendant to plaintiff under the circumstances was to submit the offer to Temple. We specifically ruled that "in the absence of an allegation in the complaint that defendant failed to submit to Temple University plaintiff's offered contract for $710,000 and the deposit thereon, the complaint is not sufficient". We gave plaintiff leave to amend and add such an allegation.

Plaintiff's amended complaint is exactly the same as his original complaint, with the addition of the following averments: (1) That about November 1, 1954, defendant obtained oral approval of the Weiss agreement from the president and at least one trustee of Temple; (2) that defendant did not inform plaintiff of the other agreement of sale which Temple eventually signed, and did not give plaintiff an opportunity to confer with his principal, Weiss, in order to afford Weiss an opportunity to meet the terms of the other agreement of sale; (3) that under the Weiss agreement of sale the buyer had the right to pay the entire consideration at settlement, rather than hold Temple to the condition of the agreement which required it to finance the balance of the purchase

price; (4) that Weiss intended to pay the entire purchase price in cash and that defendant had knowledge of such intention; and (5) that defendant obtained the second agreement of sale in order to avoid the necessity of splitting his commission with plaintiff.

Defendant filed preliminary objections in the nature of a demurrer to the amended complaint, and it is upon these objections that the matter is now before us.

It will be readily seen that, despite the clear holding of this court that the averment of default of the original complaint was too vague and that plaintiff could not prevail in the absence of an allegation that defendant failed to submit to Temple plaintiff's offered contract and deposit, nevertheless, the amended complaint repeats verbatim the vague averment of default contained in the original complaint and fails to contain the averment which we previously held to be vital. For this reason alone, defendant's preliminary objections would have to be sustained and the amended complaint dismissed. Since, however, the action which the court proposes to take herein is final and appealable, we shall state in full the reasons for our action.

Plaintiff admits that the facts of the case do not warrant an averment that defendant failed to submit the Weiss offer to Temple, and, indeed, the amended complaint makes it clear that the offer was submitted, at least unofficially, since paragraph 11 of the amended complaint avers that unofficial approval of that offer was obtained from the president and at least one trustee of Temple. Plaintiff's position, as stated in his brief, is as follows:

"Plaintiff assumes the position, however, that defendant's failure to submit plaintiff's contract of purchase and deposit to the university is not the only possible breach for which plaintiff might be entitled to damages; and that, consistent with defendant's duties to his principal, defendant's failure to keep

plaintiff informed of the circumstances pertaining to submission of plaintiff's contract and deposit to the university and of the reasons for the university's objections to plaintiff's contract, and to give the plaintiff an opportunity to obtain an all cash offer from his principal, without reduction of consideration, also constitute a breach by the defendant, for which plaintiff is entitled to damages."

It is clear that plaintiff entirely misconceives the duties of a real estate agent toward his principal. A real estate broker who represents a seller occupies a fiduciary relationship toward him, and the broker, therefore, cannot obligate himself to the buyer with respect to the subject matter of the sale, for to do so would create, at least, the possibility of a conflict of interest between the broker's duty to his principal and his obligation to the prospective buyer and would, therefore, be against public policy: Everhart v. Searle, 71 Pa. 256; Wilkinson v. McCullough, 196 Pa. 205; Sarshik v. Fink, 292 Pa. 256; Johnson v. Nippert, 294 Pa. 464. As was stated in Wilkinson v. McCullough, supra, at page 208:

". . . The general principle is that out of consideration for the weakness of human nature, the law will not permit real estate brokers and others occupying fiduciary relations to place themselves in a position where they are open to the claims of conflicting duties, or to the claims of duty conflicting with self-interest."

It is clear, therefore, that the contract which plaintiff seeks to enforce is one which tended to induce defendant to breach his fiduciary obligation to the seller, Temple. It is well settled that a contract, the tendency of which is to induce a fiduciary to breach his obligation to his principal, is illegal and unenforceable unless consented to by the principal. This rule of law is stated in §570 of the A. L. I. Restatement of the Law of Contracts as follows: ". . . any

bargain that tends to induce a violation of a fiduciary's duty as such, is illegal except when effectively consented to by the beneficiary or principal of the fiduciary."

Our Supreme Court has stated it in the following language:

"Contracts, the objects or tendency of which is to constitute a fraud, or breach of trust or breach of duty, on the part of one who stands in a fiduciary or confidential relation, are illegal and void, as constituting, or tending to establish, a fraud on third parties; and they are illegal because in effect agreements to wrong or to defraud the persons whose interests the fiduciaries have in charge": Johnson v. Nippert, (No. 1) 294 Pa. 464, 470-471.

See, also, Pollock v. MacElree, 56 F. Supp. 961 (E. D., Pa.); Colonell v. Goodman, 78 F. Supp. 845 (E. D., Pa.).

Plaintiff's legal position is not helped by the proposition that, if the contract which plaintiff seeks to enforce had been carried out, Temple would not have been injured and might, perhaps, have benefited. There are many cases which hold that the rule forbidding double dealing by one occupying a fiduciary relationship is one of public policy and is not intended to be remedial of actual wrong but preventive of the possibility of it: Everhart v. Searle, 71 Pa. 256, 260; Johnson v. Nippert, 294 Pa. 464, 473; Haines v. Biddle, 325 Pa. 441, 443; Noonan Estate, 361 Pa. 26, 32; Downing Estate, 162 Pa. Superior Ct. 354, 360.

A case very similar in principle to the instant one is Dubbs v. Kramer, 302 Pa. 455. In that case plaintiff, a minority stockholder and vice president of a corporation, entered into an agreement with defendant, a director and majority shareholder of the corporation, that defendant would vote as a director in favor of

the payment by the corporation of a certain salary to plaintiff as vice president. Defendant did not so vote, and plaintiff sued defendant for breach of the agreement. The court, in refusing to permit plaintiff to recover, held that defendant, as a director, occupied a fiduciary relationship toward the corporation, which precluded him from restricting himself in the free exercise of his judgment, and that, therefore, the agreement by him that he would vote in a particular manner was against public policy and void. The court specifically stated that the application of this principle of law would not be affected by the circumstance that the particular contract in question might have been for the benefit of the corporation.

The analogy of the cited case to the instant case is readily apparent. Defendant here occupied a fiduciary relationship toward Temple, and, therefore, he could not agree with a third person to attempt to influence Temple in any particular manner, even though it might have been for the benefit of Temple. Any such agreement (and the one which plaintiff here seeks to enforce falls within that category) is against public policy, void and, therefore, unenforceable.

The only exceptions to the rule which forbids those occupying fiduciary relationships from acquiring possible adverse interests are: (1) Where the principal is aware of the situation and had consented to it (Warner Co. v. MacMullen, 381 Pa. 22; and Fenner v. No. 90 Building and Loan Association, 146 Pa. Superior Ct. 596); (2) where there is no conflict between the duties owed to the respective principals (Rossi v. Firemen's Insurance Co., 310 Pa. 242); and (3) where refusing to enforce the contract would injure the party for whose benefit the contract is made illegal: Holst v. Butler, 379 Pa. 124, 131.

It will be seen that none of the foregoing exceptions

apply to the facts of the instant case, for the following reasons:

1. There is no contention by plaintiff, nor could there be, that Temple had been informed that defendant had incurred an obligation to plaintiff to keep plaintiff and Weiss informed of any other offers which might be submitted and to do everything he could to induce Temple to accept the Weiss offer.

2. The fiduciary duty which defendant as agent owed to his principal, Temple, was obviously in conflict with a duty owed to any particular buyer to persuade Temple to accept the offer of such buyer.

3. The party for whose benefit the contract in question is made illegal is Temple. If, as plaintiff implies, the offer which Temple accepted was not as good an offer as the one submitted by Weiss, and Temple was induced by defendant to accept the other offer so that defendant would not have to split a commission on the sale, *Temple* might, under the circumstances, have a cause of action against defendant. Temple, however, would not benefit in any way if we permitted plaintiff to recover in this action, nor would Temple be injured in any manner if we refused to permit plaintiff to recover.

There is this additional element of possible violation of public policy which is inherent in the contract which plaintiff here seeks to enforce, and that is that plaintiff admits in his pleading that he was the agent in this transaction for the potential buyer, Weiss, and he is seeking to recover in this suit a commission from the agent for the seller. It would seem to be clear from the authorities previously cited in this opinion that it is against public policy for one who represents a buyer to receive a commission from the seller unless the facts and circumstances are such as to bring the case within one of the exceptions to the principle under discussion, and plaintiff has pleaded no such facts.

This point, however, was not raised by defendant in his preliminary objections, and, therefore, it need not be ruled upon in this opinion.

For the foregoing reasons, defendant's preliminary objections to plaintiff's amended complaint are sustained, and the amended complaint is hereby dismissed.