## Potter v. Stanley.

(Decided March 2, 1920.)

### Appeal from Pike Circuit Court.

1. Limitation of Actions—Waiver—Appeal and Error.—The statute of limitations is a defense, which may be waived, and if a litigant does not plead or rely upon such statute, as a defense, in the trial court, it is too late, to try to interpose it in the Court of Appeals.

2. Husband and Wife—Conveyance by Wife in Which Husband Did Not Join.—The deed of a married woman, in which her husband did not join, and when he had not theretofore conveyed the land, is absolutely void.

3. Husband and Wife—Conveyance by Wife in Which Husband Did Not Join.—When a married woman executes a deed, conveying her real estate, without her husband joining therein, or having theretofore conveyed, the deed is void, and she may re-enter at once, and her cause of action for the recovery of the land accrues at once, and she may sue for the recovery of the land, at any time, within fifteen years from the accrual of her cause of action; but, if the fifteen years expire before she becomes discovert, she may sue at any time, within three years, after the removal of her coverture. If she becomes discovert for as much as three years,

before the expiration of fifteen years from the accrual of her cause of action, then her cause of action will be barred, at the expiration of fifteen years from its accrual.

4. Husband and Wife—Conveyance by Wife—Limitation of Actions. —If a married woman after becoming twenty-one years of age, executes a deed, conveying her real estate, and her husband joins therein, and she acknowledges the deed before an officer authorized to take acknowledgments to deeds, but for some reason, the deed is ineffectual, her cause of action for the recovery of the lands, is barred, after three years, from the time, her disability of coverture is removed.

5. Marriage—Validity—Law of the Place.—The validity of a marriage is determined by the law of the place, where the marriage occurred.

CLINE & STEEL for appellant.

F. W. STOWERS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

William B. Vanover died on November 10, 1902, the owner of certain lands, in Pike county, of which he had the possession and was residing thereon, with his wife, who is now the appellee, London Stanley. Thereafter on September 5, 1903, she claims to have intermarried with, and to have become the wife of one Wilburn Estepp. Estepp procured a judgment of the Pike circuit court, granting him a divorce from her in 1908. Since that time, she has become the wife of one Stanley, and hence her present name. On September 18th, 1903, she, in consideration of the sum of $335.00, undertook to sell her unassigned dower in the lands of her deceased husband, William B. Vanover, to the appellant, Levi Potter, who had become the owner of lands, subject to her right of dower, by purchase from the heirs of Vanover. She executed a deed to Potter, purporting to convey her entire interests in the lands to him and he took possession of them, and has since sold them to other parties, who were defendants in the action, in which the judgment appealed from was rendered. On July 17, 1916, she instituted this action against Potter and his vendees, to recover and to have assigned to her, dower in the lands, alleging, that she was the widow of William B. Vanover, who owned the lands at his death, and thereafter, she married Estepp, and while the wife of Estepp, and laboring under the disability of coverture, she, without being joined by her husband, executed the deed

to Potter, and for such reason, the sale and conveyance were void. Her husband did not join in the deed and had not theretofore, conveyed the lands. She prayed that dower be assigned to her in the lands and for the recovery of the portions of the rents in same to which she might be entitled. Appellant, by answer, denied, that appellee was a married woman, at the time she executed the deed to him, or that she was ever married to or the wife of Estepp, and further, averred, that, at the time of the execution of the deed, she represented herslf to be an unmarried woman, and fraudulently procured him to accept the deed and pay to her the sum of $335.00, for the lands, which she had never repaid nor offered to repay to him, and was, therefore, estopped to rely upon her coverture, to avoid the effect of the deed, which she had executed to him.

The affirmative averments of the answer were denied by a reply, and in her testimony, she offered to repay the $335.00, as a set off to the rents, to which she was entitled.

The court adjudged, that the appellee was the wife of William B. Vanover, at his death, and as his widow, was entitled to dower in the lands owned by him, and that thereafter, she became the wife of Estepp, and was laboring under the disability of coverture, at the time, she executed the deed to Potter, and her husband did not join therein, and she was not estopped by any representation or acts from asserting the invalidity of the deed, and that dower should be assigned to her in the lands. The rents were set off against the taxes, etc., upon the lands, and Potter was given a lien upon her dower in the lands to secure the payment to him of the $335.00. From the judgment, Potter has appealed. He seeks a reversal of the judgment, upon the grounds:

(1)    The right to recover dower by the appellee was barred by the statutes of limitation.

(2)    The court erred in holding, that appellee was a married woman at the time of the execution of the deed.

(a)    Touching the contention, that appellee's cause of action was barred by the statute of limitations, it would suffice to say, that appellant did not plead nor rely upon the bar provided by any statute of limitation, in his defense to the action in the trial court, and has raised the question for the first time, through the brief of his counsel, in this court. A defense is not generally allowed for a litigant, who does not ask it. The defense

of limitations is one, which a litigant may waive, if he desires to do so, and having elected to waive it, in the trial court, it is too late to rely upon it, in this court, which has appellate jurisdiction only of such matters as are in controversy, in this action.   Baker v. Begley, 155 Ky. 234; Green Co. v. Howard, 127 Ky. 385; Jolly v. Miller, 124 Ky. 114; Childers v. Bales, 124 S. W. 295; Yeager's Admr. v. Bank, etc., 125 Ky. 184: Louisville v. O'Donaghue, 157 Ky. 243; Davis' Extrx. v. Louisville, 159 Ky. 252; Taulbee v. Hargis, 173 Ky. 437.

The defense of limitation, however, upon the facts of this case, would be unavailing, as the cause of action arose on the 18th day of September, 1903, and the action was instituted on July 17, 1916, less than fifteen years after the cause of action arose.   The husband of appellee, if she then had one, did not join in the deed, she made to Potter, and had not, theretofore, conveyed, and hence, the deed was absolutely void, and did not confer any right upon Potter and took none away from the appellee.   Syck v. Hellier, 140 Ky. 388; Mays v. Pelley, 125 S. W. 713; Heck v. Fisher, 78 Ky. 643; Kennedy v. Ten. Broeck, 11 Bush 241; Louisville Railway Company v. Stephens, 96 Ky. 401; Sandifer v. Hardin, 10 Ky. Op. 958.   Her right to entry arose, at once, and her cause of action arose simultaneously with her right of entry. If Potter took possession under the deed, it would require fifteen years of such possession to ripen his title, even, as against one who was laboring under no disability.   Under section 2505 Kentucky Statutes, any person may institute an action for the recovery of real property, within fifteen years, from the time, his cause of action first accrued, and a married woman is not discriminated against, in this particular, unless the facts are such as to bring the transaction within the provisions of section 2510 Kentucky Statutes.   The provisions of section 2506 Kentucky Statutes, do not shorten the period, within which she may sue, but have the effect to lengthen the period to the extent of three years, if she was a married woman, at the time, her cause of action arose, and the fifteen years period of limitation expires, before she becomes discovert, she may sue, within three years after her disability is removed. Bankstone v. Crabtree Coal Co., 95 Ky. 455; Higgins v. Stokes, 116 Ky. 664; Duke v. Davis, 125 Ky. 313.   If the husband of appellee had joined in the deed to Potter, and she had acknowledged it before an officer, authorized to

take an acknowledgment, but, for some reason, the attempt to convey upon her part was ineffectual and did not deprive her of title, her right to recover would have been barred after three years, from the removal of her coverture, whether fifteen years had expired from the execution of the deed or not. Section 2510 Kentucky Statutes; O'Dell v. Little, 82 Ky. 146; Stephens v. McCormick, 5 Bush 181; Phillips v. Pope, 10 B. M. 163. The case of Big Sandy Co. v. Ramey, 162 Ky. 236, presented an entirely different state of facts from this case. In that case, the former *feme* covert was not suing nor seeking any relief, and had been discovert for more than three years before the termination of the fifteen years, from the time her cause of action occurred, and hence, the time in which she could sue was limited to fifteen years from the execution of the deed, while a *feme* covert. Bankstone v. Crabtree Coal Co., *supra.* Certain misleading language occurs in the opinion in Big Sandy Co. v. Ramey, *supra,* which indicates a different view from that herein expressed, but, the conclusion in that case was correct, upon the facts, presented by the record.

(b) The evidence proves, that appellee, while living with her husband, W. B. Vanover, was a near neighbor of Potter, and that they were acquaintances, and when she executed the deed to Potter, it was done at his home. The caption of the deed recites her name as London Estepp, and it is subscribed by her in that name. She made no representation, that she was an unmarried woman, but, it may be presumed, that she in effect, gave information, that she was then married, by executing the deed, in the name of Estepp, and the draughtsman of the deed must have received information, at the time, of what she claimed to be her true name, and the acceptance of the deed by Potter, who was present, when it was written and signed, necessarily gave him information of her married condition, if he did not know of it before. Hence, the necessary facts to sustain the estoppel relied upon did not exist.

(c) The evidence to support the claim of appellee to have been a married woman, at the time, she executed the deed to Potter, is the testimony of herself and Estepp, and the officer, who solemnized the rites. They, each, testify, that the rites of matrimony were solemnized at a hotel in the town of Clintwood, Dickinson county, Virginia, and previous to the execution of the deed to

Potter. There are no contradictions of the testimony of these witnesses, and the only question presented, is, whether they prove a valid marriage.

The validity of a marriage under our statutes, and the decisions of this court, must be determined by the law of the place, where the marriage occurred. Dunmarcley v. Fishley, 3 Mar. 368; Stevenson v. Gray, 17 B. M. 193; Dannelli v. Dannelli, 4 Bush 51, 26 Cyc. 829. The evidence is undisputed, that the appellee was married to Estepp, in Virginia, by a person duly authorized by the laws of that state, to solemnize the rights of matrimony. The license and the return of the officer thereon had been mislaid or destroyed, and could not be found in the office of the custodian of such documents. The only discrepancy, which appears, in the evidence, is as to the date upon which the marriage occurred. The appellee does not remember the date, and fixes it at several months before the execution of the deed to Potter. The officer, who solemnized the rites does not remember the date. Estepp fixes the date, as September 5, 1903. The statement of appellee and Wilburn that the date of the marriage preceded the date of the execution of the deed, is strongly corroborated by the fact, that at the latter date, the appellee had changed her name from Vanover to Estepp, and executed the deed, under the latter name. The fact, that Estepp sued for and procured a divorce from appellee, in 1908, is strongly corroborative of the testimony, which was made to the fact of their marriage. The judgment being in accordance with the views herein expressed, is affirmed.