"The Merion Title and Trust Company of Ardmore is insolvent, and the Secretary of Banking is the Receiver. For the sake of brevity, we will hereafter refer to the Trust Company and the Receiver as 'Merion'.
"Merion, during its corporate existence, created and managed a Mortgage Trust Pool, and in furtherance thereof, issued coupon bearing Mortgage Trust Fund Certificates, in which Merion guaranteed the payment of principal and interest to the registered holders thereof.
"When Merion closed its doors, the assets of the Trust Pool were transferred to The Bryn Mawr Trust Company, as Substituted Fiduciary, for the purpose of liquidation.
"The Substituted Trustee has proceeded with the liquidation of the mortgages in the Pool, and has filed thirteen accounts, making distribution among the certificate holders of the amounts collected from time to time. *Page 264 
"Prior to October 5th, 1931, Merion had issued to one Henry A. Arnold two Mortgage Certificates, in the sum of $500.00 each, and on the above date, Arnold deposited these certificates with Merion as collateral for a note of $900.00 due by Arnold to Merion. This note and the certificates were taken over, at the closing of Merion, by the Secretary of Banking.
"Prior to November 12th, 1930, one Henry S. Boyce was indebted to Merion on four promissory notes, aggregating $37,300.00, and on said date, by written assignment, deposited $35,000.00 in Mortgage Certificates with Merion as side collateral for said indebtedness. At the closing of Merion, Henry S. Boyce was indebted to Merion in the sum of $37,300.00.
"The Secretary of Banking, Receiver of Merion, claims the dividends on these certificates, contending the money thus received should be applied to the indebtedness of Arnold and Boyce to Merion.
"Counsel for the accountant argues that Merion has no right to receive the dividends on the Arnold and Boyce certificates. That to the extent of its lien on these certificates it has no more claim on this money than it has on certificates solely the property of Merion.* Counsel agrees that Arnold and Boyce are entitled to have the amount of the dividends credited on their indebtedness to Merion, but asks that these dividends be distributed among other Certificate Holders, and the Receiver directed to credit Arnold and Boyce with the amount thereof.
"The learned counsel for the accountant assumes, in his argument, that the dividends are the property of Merion, and being the money of Merion, the accountant has the right to set off the dividends against the indebtedness of Merion to the Certificate holders on its guarantee. Counsel bases this assumption of ownership on the case *Page 265 
of Gordon, Sec'y, v. Union Tr. Co., 308 Pa. 493, wherein it is said, at page 496: 'To whom do the funds really belong? Mutuality of right in a set off is not circumscribed by the "right to bring an action", but the broader question may be and generally is of importance. Whose money or claim is proposed to be used as a set off? This is the true equitable principle which governs such questions.'
"To whom do these dividends belong? 'The interest of the pledgor in the property pledged is entirely separate and distinct from that of the pledgee; and upon a contract of pledge, the general property or title in the thing pledged remains in the pledgor, subject to a lien in favor of the pledgee for the amount of the debt or obligation for which the pledge is given.' 49 C. J. 922. 'In a pledge the general property remains with the pledgor and only a special property passes to the pledgee. . . While the pledgor's obligation remains outstanding the pledgee has a lien on the security pledged, but is liable for its return when the obligation is discharged.' Schwab v. Cont. Equitable T. T. Co., 330 Pa. 540.
"The dividends then belong to Arnold and Boyce, subject to the lien of Merion. If any equities exist by reason of the guarantee of Merion, those equities are in favor primarily of Arnold and Boyce, the purchasers of the certificates. Since the dividends belong to Arnold and Boyce, subject to the lien of Merion, we think the money should be paid to Merion to be applied to the loans of Arnold and Boyce.
"To award these dividends to the Substituted Trustee, for distribution among all the Certificate holders, would, in our opinion, divert an asset belonging to another set of creditors of Merion, namely the depositors, to the certificate holders. For, the debt of Arnold and Boyce is an asset of Merion, applicable to the depositors. We do not think the doctrine of subordination should be carried so far as to do an inequity.
"We are of the opinion that the relation of pledgor and pledgee still exists between the Receiver and Arnold *Page 266 
and Boyce, so far as the certificates are concerned; and that these certificates must be viewed as collateral, and not as the property of the Receiver, although now registered in his name.
"We take this view because, as we have above stated, there has been no valid transfer of the title of the certificates, and for the further reason that Section 712 of the Department of Banking Code of 1933, P. L. 565, provides that the status of the parties shall become fixed on the date the Secretary of Banking takes possession of the business and property of a banking institution, as receiver. In the present instance, when the Secretary took possession of Merion, Arnold and Boyce were not in default in their loans, and the relationship of pledgor and pledgee existed between them and Merion.
"As we view it, the claim of the Receiver to the dividends in question does not arise by reason of ownership of the certificates, but by reason of the debts of Arnold and Boyce to Merion. In other words, the Receiver is claiming, by virtue of the pledge agreements, the dividends due Arnold and Boyce. What he is attempting to do is to enforce the lien of Merion on the collateral of these two debtors. It follows, then, that the certificates belong to Arnold and Boyce, and hence the dividends on these certificates are also the property of these men, subject to the lien of Merion."
Substituted trustee appealed.
* See North City Trust Company Case, 327 Pa. 356; Agr. T. and S.Co's Mtg. Pool Case, 329 Pa. 581; Land T. Bk. and Trust Co. v.Schenck, 335 Pa. 419; Land Title Bk. Tr. Co. v. Baron,341 Pa. 241; Phila. Co. For Guar. Mortgages' Case, 342 Pa. 217.