## Downing Estate.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

R. M. Remick, with him Saul, Ewing, Remick & Saul, for appellant.

Thomas Raeburn White, with him W. Wilson White and White & Williams, for appellee.

OPINION BY RHODES, P. J., March 8, 1948:

This is an appeal from a decree of the Orphans' Court of Philadelphia County surcharging the appellant, as trustee, for a portion of the loss on an investment. The court in banc held that appellant, in purchasing for trust investment a mortgage of $125,000 formerly held in its commercial department as collateral security for a loan of $70,000, violated the rule forbidding self-dealing by a trustee.

Appellant recognizes the rule, set forth in Tracy et al. v. Central Trust Co., 327 Pa. 77, 192 A. 869, and Lewis Estate, 349 Pa. 455, 37 A. 2d 559, which forbids self-dealing by a trustee and prohibits a bank from selling to its trust department mortgages or investments formerly owned by its commercial department; but it contends the rule does not apply to the facts of the present case as its commercial department was not the legal owner of the mortgage involved, having only a pledgee's interest therein.

The material facts are contained in a stipulation entered into by the parties in the court below. On May 21, 1920, The Real Estate Title Insurance and Trust Company granted Anna R. Dlugatch a loan of $70,000, secured by a mortgage of $125,000 on premises 733-5 Arch Street, Philadelphia, Pennsylvania. The mortgage of $125,000 and loan of $70,000 were one transaction; Anna R. Dlugatch et vir conveyed to a straw who created a mortgage in favor of Anna R. Dlugatch which was as-

signed, under the same date, by Anna R. Dlugatch as
mortgagee to The Real Estate Title Insurance and
Trust Company as security for the $70,000 loan to her.

The $70,000 loan was carried by The Real Estate
Title Insurance and Trust Company until October 30,
1924, when the obligation was purchased by The Penn-
sylvania Company for Insurances on Lives and Granting
Annuities, now The Pennsylvania Company for Bank-
ing and Trusts (herein referred to as The Pennsylvania
Company or appellant). The $125,000 mortgage was
assigned to The Pennsylvania Company, which pur-
chased the $70,000 obligation solely in its corporate ca-
pacity and as a commercial transaction. The note upon
purchase was an asset of its commercial department.
At the time of this purchase, The Pennsylvania Com-
pany owned and held more than a majority of the capi-
tal stock of The Real Estate Title Insurance and Trust
Company.

Under date of December 22, 1924, Charles Seidman,
the then real owner of premises 733-5 Arch Street, act-
ing through brokers, applied to The Pennsylvania Com-
pany to have the latter purchase the $125,000 mortgage
at par. The lowest appraisal of the mortgaged premises
attached to the application showed a valuation of
$210,000. The Board of Directors of The Pennsylvania
Company, on January 2, 1925, accepted the application
of Seidman that it purchase the mortgage, and on the
application was endorsed the legend that it was taken
by The Pennsylvania Company, as "Trustee for Sundry
Trusts." At settlement on February 2, 1925, The Penn-
sylvania Company bought the mortgage for its trust
department, paying for it by checks drawn on its un-
invested trust funds. With these funds the trust de-
partment paid the commercial department $70,746.67;
the balance of approximately $55,000, plus interest, was
paid to Anna R. Dlugatch, the mortgagee and pledgor
of the mortgage. Under date of January 20, 1925, The
Pennsylvania Company and Anna R. Dlugatch joined

in an assignment of the $125,000 mortgage to The Pennsylvania Company, "Trustee for Sundry Trusts." On the same date The Pennsylvania Company executed a declaration of trust declaring that it held the mortgage as "Trustee for Sundry Trusts." On February 3, 1925, The Pennsylvania Company executed a declaration of trust showing that it held a $6,500 interest in the mortgage for the intended benefit of the estate of Richard H. Downing, deceased.

Default in the payment of interest on the mortgage of $125,000 did not occur until more than seven years later, or on November 21, 1932; and default in payment of taxes occurred the year following. Foreclosure took place in 1935, and in the later salvage operation the interest of the Downing estate in the mortgage was disposed of at a net loss to the estate of $5,602.18.

The four beneficiaries entitled to the $6,500 interest in the mortgage objected at the audit to the investment, but the auditing judge refused a surcharge, holding that the interest of appellant in the $125,000 mortgage, held as security for a loan in its commercial department, was not such an interest as did, in fact, affect its judgment in purchasing this investment. Exceptions filed to the adjudication were considered by the court in banc. Three of the four beneficiaries, through their counsel, waived any right to a surcharge against appellant on this investment. The court in banc reversed the auditing judge and imposed a surcharge, only, however, to the extent of a one-fourth interest ($1,400.54), representing the share of John Emlen Bullock, the sole remaining exceptant and appellee.

We think the surcharge was properly imposed. By the transaction here involved appellant clearly violated the rule forbidding self-dealing by a trustee, and subjected itself to the liability which such a violation entails. A bank acting as trustee violates its duty to the beneficiary or trust estate and the rule forbidding self-dealing where it purchases mortgages for the trust which

it formerly held in its commercial department. *Tracy et al. v. Central Trust Co.*, supra, 327 Pa. 77, 79, 192 A. 869; *Lewis Estate,* supra, 349 Pa. 455, 37 A. 2d 559; Restatement, Trusts, § 170, comment (i); Scott on Trusts, Vol. 2, § 170.13, p. 878 et seq.; Annotation, 112 A.L.R. 780; Act of May 15, 1933, P. L. 624, article XI, §1111, as amended by the Act of June 24, 1939, P. L. 731, § 2, 7 PS § 819—1111; *In re Ryan's Will,* 291 N.Y. 376, 52 N.E. 2d 909; *In re Binders Estate,* 137 Ohio St. 26, 27 N.E. 2d 939. See *Young's Estate,* 249 App. Div. 495, 293 N.Y.S. 97, affirmed, 274 N.Y. 543, 10 N.E. 2d 541.

We do not agree that the rule is limited to cases where the trustee is absolute owner of the property sold to the trust. "Such a purchase is improper not only where the property sold to the trust was property owned by the trustee absolutely, but also where it was property in which he had an interest of such a substantial nature that it might affect his judgment in making the purchase": Scott on Trusts, Vol. 2, § 170.12, p. 877. See *Haggerty v. Squire et al.,* 137 Ohio St. 207, 28 N.E. 2d 554, 559. The test in cases like the present is whether the trustee has "a personal interest of such a substantial nature that it might affect his judgment": Restatement, Trusts, § 170, comment (h).

By definition, and of necessity, the trustee's substantial personal interest may fall short of complete ownership. Such substantial interest may exist where the property sold to the trust is owned by a firm of which the trustee is a member, or where the property sold is owned by a corporation in which the trustee has a controlling or substantial interest. Restatement, Trusts, § 170, comment (h); Scott on Trusts, Vol. 2, § 170.12, p. 877, note 8; *Albright et al. v. Jefferson County National Bank,* 292 N.Y. 31, 53 N.E. 2d 753, 151 A.L.R. 897; *Baird et al. v. Peoples Bank & Trust Co. of Westfield et al.,* 133 N.J. Eq. 561, 33 A. 2d 745. We have no doubt that a pledgee's security interest, as here, consti-

tutes an interest of such a substantial nature as to come within the scope of the rule.

The prohibition against self-dealing is absolute; where the trustee violates it, good faith or payment of a fair consideration is not material.[1] *Tracy et al. v. Central Trust Co.,* supra, 327 Pa. 77, 79, 192 A. 869; *Chorpenning's Appeal,* 32 Pa. 315, 316; Restatement, Trusts, § 170, comment (h); *Albright et al. v. Jefferson County National Bank,* supra, 292 N.Y. 31, 53 N.E. 2d 753, 151 A.L.R. 897; 54 Am. Jur., Trusts, § 315, p. 250.

The question is not whether the trustee's substantial interest did affect his judgment, but whether this interest is of such a substantial nature that it might affect his judgment. *Everhart v. Searle,* 71 Pa. 256, 260. A pledgee's interest in collateral security is less than complete ownership (*Merion Title & Trust Company of Ardmore, Mortgage Trust Fund Case,* 344 Pa. 262, 25 A. 2d 304; *First National Bank of New Wilmington, to use, v. Getty,* 118 Pa. Superior Ct. 326, 179 A. 764), but such interest may well constitute a personal interest of a substantial nature in the securities so held and sold (Restatement, Trusts, § 170, comment (h)). Consequently, it seems clear that appellant, holding this $125,-000 mortgage in its commercial department as security for a $70,000 loan, had a substantial interest in the security within the meaning of the rule forbidding self-dealing.

In the present situation appellant did not temporarily advance funds from its commercial department to buy or create mortgages intended originally for trust investment, in which case a different rule might apply. Scott on Trusts, vol. 2, § 170. 14, pp. 882, 883; *In re Dalsimer's Estate,* 160 Misc. 906, 291 N.Y.S. 34, 277 N.Y.

---

[1] Statements in *McGuffey's Estate,* 123 Pa. Superior Ct. 432, pp. 440, 441, 187 A. 298, and in *Stollenwerk's Estate,* 134 Pa. Superior Ct. 115, pp. 118, 119, 3 A. 2d 961, not in harmony with the cases of *Tracy et al. v. Central Trust Company,* 327 Pa. 77, 192 A. 869, and *Lewis Estate,* 349 Pa. 455, 37 A. 2d 559, must be disregarded.

717, 14 N.E. 2d 818; *In re Weinz' Will,* 65 N.Y.S. 2d 302, 310; *Pike et al. v. Camden Trust Co.,* 128 N.J. Eq. 414, 16 A. 2d 634; *In re Binder's Estate,* supra, 137 Ohio St. 26, 27 N.E. 2d 939, 946; *Lewis Estate,* supra, 349 Pa. 455, 458, 459, 37 A. 2d 559. Here appellant had a long standing security interest in the mortgage which it later transferred to the trust; and the transaction was in substance no different from one where the mortgage had long been owned outright by the bank in its commercial department. In both cases, the bank sells its own investment to the trust.

Lastly, appellant argues that appellee's claim for a surcharge is barred by the Act of June 24, 1939, P. L. 739, 7 PS § 819—1111a, which provides: "Wherever heretofore any bank and trust company, trust company, or national banking association, shall have purchased, with funds held by it as fiduciary, any mortgage or other asset owned by it and held in its commercial department, and the said purchase has been made in good faith and without profit to said bank and trust company, trust company or national banking association, and otherwise in compliance with law, said purchase shall be and the same is hereby declared to be valid: Provided, That this act shall not apply in cases actually in litigation." Passing the question of the constitutionality of the Act, which was enacted in 1939, if applied to the transaction here involved, the mortgage participation having been placed in the trust estate in 1925, the Act must be rejected as a defense for the reasons given by the Supreme Court in *Lewis Estate,* supra, 349 Pa. 455, 461, 37 A. 2d 559, 562, where that court stated: "[The Act] applies only where a bank or trust company has purchased with funds held by it as fiduciary a mortgage or other asset owned by it and held in its commercial department, and the purchase was made in good faith, without profit to the bank or trust company, and otherwise in compliance with law. To obtain the benefit of the act it must clearly appear that the transaction was not designed to accom-

plish the unloading of a questionable investment upon the trust. . . . there was here not merely a technical violation which the act was intended to cure and accordingly the protection of the act may not be invoked."

The assignments of error are overruled.

The decree is affirmed, at the cost of appellant.