Peter, Heyburn & Marshall, Louisville, for appellants.

Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellee.

CLAY, Commissioner.

This is the second appeal of this case. It was held on the first appeal, *Hutchings v. Louisville Trust Co.*, 303 Ky. 147, 197 S.W.2d 83, that the petition stated a cause of action and the case was remanded for proceedings consistent with the opinion.

The action was instituted by William E. Hutchings, Jr. and Eleanor Hutchings Gorin, remaindermen of a trust estate created by their grandfather, against the Louisville Trust Company, trustee of the estate. The basis of the action is the charge that the defendant, as trustee, used part of the trust estate to advance its own interests, which use resulted in a loss to the estate.

The trust in question was created by Eusebius Hutchings for the benefit of his daughter, Caroline Hutchings, for life, with remainder to her heirs: Plaintiffs are nephew and niece, respectively, of Caroline Hutchings and as such each was entitled to one-eighth of the estate on her death.

When defendant became trustee in 1929, part of the assets of the estate consisted of participating trust certificates of National Bank of Kentucky and the Louisville Trust Company. Subsequently the directors of the bank and the defendant agreed to organize a holding company called Banco Kentucky to which they were to turn over all their assets and in exchange for participating certificates they were to receive capital stock of Banco at the rate of two shares of stock for one certificate. Pursuant to this plan defendant exchanged participating certificates of the trust estate for Banco Kentucky stock. This is the action upon which plaintiffs base their claim of self-dealing.

The life tenant died in November, 1929, and in April, 1930, defendant trustee distributed the trust estate to the remaindermen. Plaintiffs were then eighteen and

eight years of age respectively, and their portion was delivered to their guardian. In July, 1930, a judgment was entered by the Jefferson Circuit Court which discharged the defendant as trustee and approved and confirmed its settlement report. All the heirs of Caroline Hutchings were before the court and plaintiffs, through their guardian, acquiesced in the settlement report. Some seven months thereafter Banco Kentucky failed and the stock became worthless.

In 1944 plaintiffs instituted this action alleging that in the formation of Banco and in the exchange of the participating certificates for Banco stock, the defendant was acting for its own interest at the expense of the trust. For this reason plaintiffs contend that the trust company is liable to them for the loss resulting from the decline in value of the Banco stock.

The defendant denied the self-dealing and set up two defenses as a bar to the action: (1) The guardian and not the trustee was responsible for the loss because it did not occur until some seven months after the estate was settled and the stock delivered to the guardian; (2) the judgment entered by the court in 1930 is res judicata of all issues in this case and cannot be collaterally attacked. A third possible defense of the statute of limitations will hereafter be discussed.

Judgment was for defendant in the lower court and plaintiffs have appealed.

■ The trustee's first defense is without merit if in fact it dealt with plaintiffs' property for its own interests. The law does not permit a person in a fiduciary capacity to handle the beneficiary's property so as to further his own ends. He owes the duty of utmost fidelity and loyalty to the beneficiary and if it appears that the trustee is guilty of such self-dealing the courts will not hesitate to declare such a transaction void. In re Binder's Estate, 137 Ohio St. 26, 27 N.E.2d 939, 129 A.L.R. 130; First National Bank of Birmingham v. Basham, 238 Ala. 500, 191 So. 873, 125 A.L.R. 656; 54 Am.Jur., Trusts, Section 314. A corporate trustee may not purchase trust property from an affiliated or subsidiary corporation in which it has controlling interest of such a nature that it would be a temptation to consider its own advantage and not to consider solely the advantages to the beneficiaries of the trust. See Scott on Trusts, Section 170.13; Albright v. Jefferson County Nat. Bank, 292 N.Y. 31, 53 N.E.2d 753, 151 A.L.R. 897; Baxter v. Union Industrial Trust & Savings Bank, 273 Mich. 642, 263 N.W. 762; Merchants National Bank of Aurora v. Frazier, 329 Ill.App. 191, 67 N.E.2d 611; Annotation, 129 A.L.R. 150.

■ This rule has been applied where a corporate trustee buys from another corporation which dominates and controls the trustee. Thruston v. Nashville & American Trust Co., D.C., 32 F.Supp. 929; see also 151 A.L.R. 905. As soon as a corporate fiduciary places itself in a position where its interest may conflict with that of the beneficiary, it has violated the trust, regardless of whether or not the transaction seemed at the time to be fair or unfair. See Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 62 A.L.R. 1; Thruston v. Nashville & American Trust Co., D.C., 32 F.Supp. 929; Scott on Trusts, Section 170.25; Rothenberg v. Franklin Washington Trust Co., 127 N.J. Eq. 406, 13 A.2d 667; Albright v. Jefferson County National Bank, 292 N.Y. 31, 53 N.E.2d 753; Wendt v. Fischer, 243 N.Y. 439, 154 N.E. 303.

■ The question of the time of the loss is not the determining factor. Thruston v. Nashville & American Trust Co., D.C., 32 F.Supp. 929. We think it is clear that defendant was guilty of self-dealing when it exchanged the participating certificates for Banco stock. The directors were seeking to promulgate a plan they thought would be advantageous to the trustee. As pointed out in the first opinion, Kentucky Statutes of 1930, Section 4706, applicable here, contained an express prohibition against the investment of trust funds in the securities of a corporation which had been in operation less than ten years. Banco had been in existence for only a few months at the time these trust funds were invested in its stock.

It is argued by the trustee that the statute prohibiting the investment of trust property in securities of a company which has not been in operation for more than 10 years should not be strictly applied. It says the participation certificate assets consisted of the stock of the Louisville Trust Co. and the National Bank, both of which had been in existence for over 30 years, and that the exchange for Banco stock represented only a reorganization whereby a corporate form was substituted for the participating trust certificates. However, it is obvious that the transaction had greater significance. Banco stock was something more than the National Bank and Louisville Trust Co. stock in a new form. The answer alleges that Banco had unlimited powers. It could purchase stock or assets of any corporation, transact business with and finance, manage or operate any commercial or manufacturing business or enterprise, underwrite any issue of stock or bonds issued by any corporation and guarantee the obligations of practically anybody. These powers are certainly more extensive than the corporate powers of the Louisville Trust Co. and the First National Bank.

The action of the defendant in exchanging the stock not only was in furtherance of its own interests but was a violation of the statute. Consequently the plaintiffs through their guardian could have rejected the Banco stock when it was distributed in 1930 and could have required the trustee to pay to them the money value of the trust certificates. Bryan v. Security Trust Co., 296 Ky. 95, 176 S.W.2d 104; Hail v. Nashville Trust Co., 31 Tenn.App. 39, 212 S.W.2d 51; Scott on Trusts, Section 210.

It is next argued that a beneficiary may not after final settlement and distribution by the trustee elect to reject an illegal investment and charge the trustee, when no loss occurred to the trust estate while the trustee was acting as such. It is also argued that the settlement suit and judgment in 1930 is res judicata with respect to plaintiffs' claim. It is the law, however, that a statement in the account merely of the fact of an investment, without a disclosure of self-dealing, does not render a decree binding on parties who fail to object. See In re Weinberg's Will, Sur., 63 N.Y.S.2d 472; Rothenberg v. Franklin-Washington Trust Co., 127 N.J. Eq. 406, 13 A.2d 667. The conclusive effect of a final settlement of a trustee is exhaustively discussed in In re Enger's Will, 225 Minn. 229, 30 N.W.2d 694, 1 A.L.R.2d 1060. The rule is stated there that a person may proceed against a fiduciary for undisclosed self-dealing notwithstanding a final judgment settling the trustee's final account. An accounting can be required of a trustee, notwithstanding an allowance of his final account, if the facts of self-dealing were not disclosed in the account nor litigated and the complainant had no reasonable notice of the facts when the order was made. See U. S. v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Pickens v. Merriam, 9 Cir., 242 F. 363; Lataillade v. Orena, 91 Cal. 565, 27 P. 924; In re Bausch's Estate, 280 App.Div. 482, 115 N.Y.S.2d 278; In re Weinberg's Will, Sur., 63 N.Y.S.2d 472; Rothenberg v. Franklin-Washington Trust Co., 129 N.J. Eq. 361, 19 A.2d 640; In re Enger's Will, 225 Minn. 229, 30 N.W.2d 694, 1 A.L.R.2d 1048; Scott on Trusts, Section 220.

In the case here, the settlement of the defendant did show there was an investment of trust funds in Banco stock. However, there was nothing to show from this mere statement that there was anything illegal in such investment. It was the duty of defendant to disclose all of the material facts that would put the beneficiary upon notice that a breach of trust may have been committed. Perry on Trusts, 7th Ed., Section 850; Adair v. Brimmer, 74 N.Y. 539; In re Enger's Will, 225 Minn. 229, 30 N.W.2d 694. This it did not do and consequently plaintiffs are not precluded from now asking the defendant to account for its self-dealing, even though the loss did not happen within the time it was acting as trustee.

An almost identical situation was presented in Thruston v. Nashville & American Trust Co., D.C., 32 F.Supp. 929, where there was an exchange of shares for capital stock of a holding company formed by the trustee and another company, some of the stock of the holding company being put into the trust estate. When the beneficiary of the trust became 30 years of age, the principal was distributed to him; that is, the holding company stock. Seven months later a banking house failed which had promoted the holding company and this precipitated a collapse in the market value of the stock. Five years later the beneficiary notified the trustee of disaffirmance and demanded payment of the market value of the shares. Under this state of facts recovery was allowed. Defendant contends this case is distinguishable because there was no judgment settling the trustee's accounts, as in the case before us. However, such a judgment is not controlling because the proceeding by the trustee is not of that adversary nature which would necessarily bar the beneficiary from questioning the trustee's self-dealing. In re Enger's Will, 225 Minn. 229, 30 N.W.2d 694.

The final question we have considered concerns the applicability of the statute of limitations. This defense was never pleaded by defendant and it was raised for the first time by this Court during the oral argument. In our former opinion on this appeal, this day withdrawn, we considered this defense as having been properly raised, and decided that the statute of limitations was not a bar to the plaintiffs' action. We now conclude that this defense is not available to defendant.

■■■■■ In the first place, it is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time. Benefit Association of Railway Employees v. Secrest, 239 Ky. 400, 39 S.W.2d 682. This applies to the defense of the statute of limitations, which may be waived. Potter v. Stanley, 187 Ky. 292, 219 S.W. 167.

■■■■■ If we were to ignore this rule, the defense is still not available to defendant for the reason that if such a defense could be raised on a demurrer to the petition it must be deemed to have been passed upon in our first opinion in this case. Hutchings v. Louisville Trust Co., 303 Ky. 147, 197 S.W.2d 83. The "law of the case" rule is that parties on a second appeal may not relitigate matters affecting the subject of the litigation which could have been introduced in support of the contention of the parties on the first appeal. E. F. Prichard Co., Inc., v. Heidelberg Brewing Co., Inc., 314 Ky. 100, 234 S.W.2d 486. See also Correll v. People's Bank of Science Hill, 246 Ky. 356, 55 S.W.2d 8.

If, as defendant now contends, the defense of the statute of limitations could have been raised by demurrer because apparent upon the face of the pleadings, then our decision in the former appeal that the petition stated a cause of action effectively denied this defense, and the question cannot now be reconsidered or relitigated. Defendant insists that the defense was not apparent on the face of the petition but was only raised after the answer and other pleadings were filed. However, we find that the answer and other pleadings, while presenting additional detailed facts, added nothing new with respect to the limitation question.

■■■■■ The petition alleged that the breach of duty took place in 1929 and the ages of the plaintiffs were stated. Clearly if the action was barred by the lapse of time, such lapse of time was apparent on the face of the petition; and if defendant intended to rely on such a defense, it could have raised the question on the first appeal. If the question could not then have been raised on demurrer, certainly it should have been raised subsequently by a specific plea in the answer. Thus we find defendant in a dilemma. Either this defense was by implication held insufficient on the first appeal or it was subsequently waived by defendant in failing to plead it.

The judgment is reversed with directions to enter judgment for the plaintiffs, the

amount of damages (including such interest as the Chancellor in his discretion may deem proper) to be determined upon the record and such further proof, if any, as the court may deem necessary.

Court of Appeals of Kentucky.