Tracy et al., Co-Trustees, Appellants, *v.* Central Trust Company.

Argued May 25, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Arthur Brown,* with him *William S. Bailey, D. Alexander Wieland* and *Joseph J. Brown,* for appellants.

*Maurice R. Metzger,* of *Metzger & Wickersham,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, July 7, 1937:

In this proceeding in equity two of the three trustees of the Estate of David E. Tracy seek to compel the third one, Central Trust Company, to take back mortgages which it sold to the trust estate and properties obtained by foreclosure of some of them and to substitute therefor the money it received for them. The court below refused to grant the relief prayed for and dismissed the bill. From the decree so ordering we have this appeal by plaintiffs.

There is no dispute that defendant, having in its banking department and owning in its own right certain mortgages, sold them to the trust estate of David E. Tracy, of which it was one of the trustees and received from all of the trustees funds of the estate in payment therefor. The amount of the mortgages was $240,380.

The decedent under his will created a trust, the income from which is payable to his wife Gertrude H.

Tracy for life and the principal in the main to named charities. The court below found as a fact, and there is no dispute of the finding, that plaintiffs participated in the purchases of the mortgages and knew that the trust company owned them. There is no question of bad faith on the part of defendant.

Appellants state the controlling question to be: Whether it is a breach of trust for a corporate trustee to sell to a trust estate, of which it is a cotrustee, mortgages originally taken and held by it for its own corporate purposes. While there are minor questions suggested and debated, an answer to the main one disposes of the controversy. It has long been an outstanding principle of the law of trusts that a trustee violates his duty to the trust estate if he sells to himself as trustee property which he individually owns. This principle has been crystallized in the Restatement, Trusts, Sec. 170, comment h, (p. 435) thus: "The trustee violates his duty to the beneficiary if he sells to himself as trustee his individual property." We have always held to this principle: *Painter v. Henderson*, 7 Pa. 48; *Everhart v. Searle*, 71 Pa. 256. That the trustee acted in good faith makes no difference: Restatement, Trusts, Sec. 170, comment h. The doctrine applies, though the purchaser be one of several trustees: 26 R. C. L. 1327. And, covering the exact factual situation before us, in comment i of Sec. 170, (p. 436) of the Restatement, Trusts, it is stated: "A corporate trustee violates its duty to the beneficiary if it purchases property for the trust from one of its departments, as where it purchases for the trust securities owned by it in its securities or banking department." This rule is incorporated in our statutory law. "A bank and trust company shall not, directly or indirectly, purchase with funds held by it as fiduciary, or exchange for any real or personal property held by it as fiduciary, any asset of its commercial department": Act May 15, 1933, P. L. 624, Art. XI, Sec. 1111, 7 PS Secs. 819-1111.

The remedy for such a breach of trust is clear. "If the trustee in breach of trust sells his individual property to himself as trustee and the price paid by him as trustee was more than the value of the property at the time of sale, the beneficiary can compel him to repay the difference; or, at his option, the beneficiary can set aside the purchase and compel the trustee to repay the amount of the purchase price with interest thereon, in which case the trustee will be entitled to receive from the trust estate the property and any income thereon actually received by the trust estate": Restatement, Trusts, Sec. 206, comment c, (p. 560).

A subordinate question arises out of the fact that plaintiffs, two of the trustees, participated in the purchases of the mortgages. This does not prevent relief. "If there are several trustees, each trustee is under a duty to the beneficiary to participate in the administration of the trust and to use reasonable care to prevent a cotrustee from committing a breach of trust or to compel a cotrustee to redress a breach of trust": Restatement, Trusts, Sec. 184. "If there are several trustees, one or more of them can maintain a suit against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust, or to compel him to redress a breach of trust committed by him. A trustee is not precluded from maintaining such a suit by the fact that he himself participated in the breach of trust, since the suit is on behalf of the beneficiary": Id., Sec. 200, comment d, (p. 529). See also *Abbott v. Reeves, Buck & Co.,* 49 Pa. 494.

Bill reinstated, with direction to enter a decree in accordance with this opinion. Costs to be paid by defendant.