## Foulke's Estate

Before Van Dusen, P. J., and Stearne, Klein, Bolger, and Ladner, JJ.

*Roland R. Foulke*, for petitioner.

*Townsend, Elliott & Munson*, for respondent.

*Peter F. Hagan*, for Rebecca M. F. Cregar.

BOLGER, J., April 1, 1938.—Petitioner, with his sister, is joint beneficiary under his father's will. Thereunder petitioner and Provident Trust Company were appointed trustees of his sister's interest, and his sister and the same company are trustees of petitioner's interest. Petitioner seeks to require his cotrustee to open a joint bank account in the name of the estate. Provident Trust Company answers by quoting the express individual power conferred upon it under the will, and insists that it should not be subjected to the requirement of obtaining petitioner's signature to checks for the disbursement of estate funds. Petitioner's sister, Rebecca M. F. Cregar, approves the position taken by the cotrustee.

Testator, as pointed out by respondent's brief, had been trust officer of the Provident Trust Company for 35 years. With this background and experience, which petitioner seeks to minimize by stating his father did not have the aid of counsel in drafting his will, he appointed and empowered his trustees as follows:

"Fifth: One half of the residuary of my estate I give, devise and bequeath to my son, Roland R. Foulke and the Provident Trust Company and their successors or assigns, in trust, to invest and reinvest the same, collect the income and pay the same, less necessary expenses over to my daughter, Rebecca Mulford Foulke Cregar, during her natural life. . . .

"Eighth: I direct that the Trust Company shall have possession of all the securities, deeds, etc., belonging to the several Trusts to keep accounts, collect income and disburse the same and I request that said Trustees select as attorney for the Estate Roland R. Foulke, Esquire."

Petitioner states he has given possession of the assets to his cotrustee pursuant to paragraph eighth of the will, but insists on a joint bank account as to the interest of which he is cotrustee.

In support of his position, petitioner cites Morley v. Carson, 240 Pa. 546 (1913), and Benezet v. Hess, 63 Pa. Superior Ct. 408. While these two cases sustain the prin-

ciple that trustees must act jointly, that the act of one will not commit the estate without the joinder of the cotrustee, yet they are not controlling here.

In Patrick's Estate, 162 Pa. 175, although not under identical facts, the Supreme Court recognized the power of a testator to relieve a cotrustee from liability for acts not performed by him in the administration of the estate. The court said (p. 187):

"We agree with the learned orphans' court that the accountant is not chargeable with the moneys received and held by his cotrustees. In clear and unmistakable terms the will limits the liability of each trustee to that part of the trust fund which he actually receives."

Had the joint action principle been followed rigidly, undoubtedly the decision of the court would have been otherwise.

Testator, after using what might be termed stereotyped phraseology in appointing his trustees and setting forth their powers generally in the fifth and sixth items of his will, then became specific in paragraph 8, and in bestowing the powers contained therein employed the knowledge and experience gained by him in his unusually long service as trust officer of the company. He had learned no doubt, as counsel for the company now argues, of the difficulty encountered in obtaining signatures of individual cotrustees to checks, and that the clerical work in connection with the case of a trust estate can best be performed by the corporate trustee. In charging the corporate cotrustee with the "possession of all the securities, deeds, etc., . . . collect income and disburse the same", he necessarily invested it with the authority and power to fulfill that charge, inter alia, the single power to deposit funds in the estate's name to be withdrawn upon its own order. The limitation of authority involved does not of course extend to any other right or power of the individual trustee.

Further protection is accorded petitioner in that he has a right of action over should the corporate trustee be

remiss in fulfilling its individual obligations: Clemens, etc., v. Heckscher et al., 185 Pa. 476; Tracy et al., etc., v. Central Trust Co., 327 Pa. 77; Adams' Estate, 221 Pa. 77.

The petition is dismissed.

Sinkler, J., did not sit at the argument, and took no part in the decision of this case.