## Colladay's Estate. No. 2

*Loewenstein & Winokur, Maurice J. Klein,* and *Bernard Axelman,* for petitioners.

*Wolf, Block, Schorr & Solis-Cohen,* by *Gordon A. Block,* for respondent.

VAN DUSEN, P. J., November 4, 1938.—Petitioners seek a review of an adjudication of a trustee's account after more than five years have passed. In order to overcome the prima facie objection arising from the delay, they allege fraudulent conduct on the part of the trustee, in that the trustee had bought from itself the mortgages which appear in the account, and that no disclosure of this fact was made to petitioners. The trustee has filed a preliminary objection to the petition.

We do not think that the word "fraud" is properly applied to the conduct of a trustee in purchasing investments for the trust from itself, without more. While that

word is used in some of the discussions, we notice that it is not used in the recent and leading case of Tracy et al., Co-Trustees, v. Central Trust Co., 327 Pa. 77, or in the A. L. I. Restatement of Trusts, §170. As those authorities show, the prohibition upon such an action is a rule of policy adopted in all cases, even where there is no bad faith, and no advantage to the trustee. It is designed to avoid the possibility of fraud. The transaction is not void, but the beneficiary has the option to repudiate it.

It is well settled that the fraud which will open a judgment at law or permit a bill of review in equity is not the fraud which constitutes the original cause of action, but fraud in procuring the judgment: McEvoy v. Quaker City Cab Co., 267 Pa. 527. It is not alleged that the trustee did anything affirmative to mislead the beneficiaries, but only that it failed to inform them of the facts. If it is not fraud for a trustee to buy property for the trust from itself, then it can hardly be fraud not to tell about it. But there may be a duty upon a trustee when accounting to the beneficiaries to inform them of the facts, and if this duty is not performed, then the judgment is improperly procured and ought to be opened, whether the name of fraud should be attached to the act or not. See A. L. I. Restatement of Trusts, §170.

We do not think there is any such duty. When an account is filed, the trustee and the beneficiaries become adversaries, like other litigants. One of the purposes in filing an account is to give the beneficiaries an opportunity to make objection, and it is then their duty to make inquiry for the facts upon which possible objections might be founded. We see no more duty to disclose the transactions here under discussion to the beneficiaries upon filing an account than to disclose any other grounds of objection, such as facts which would show imprudence in making or watching an investment, or the omission of debits, or improper credits.

In the present case all of the mortgages, as well as the assignments, were matters of public record. The petition

for review contains no suggestion that the fiduciary at any time made any effort to conceal the existing factual situation. Any reasonable inquiry at the time of the audit would have disclosed the entire picture to the parties in interest.

We have just dealt with a similar question in Oesterle's Estate, no. 457, April term, 1901, in which a review has been granted. That was a case in which the trustee took a mortgage for the trust on land of which he was part owner. Title was in the name of a strawman who held .for the trustee and others. The interest of the trustee was a fact which was actively concealed.

The preliminary objections are sustained, and the petition is dismissed.