## Mallon's Estate.

Argued May 12, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Francis Thomas Anderson*, with him *Harold B. Bornemann*, of *Peck, Bornemann & Young*, for appellant.

*Yale L. Schekter*, with him *Philip A. Bregy* and *William C. Hayes*, for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 29, 1942:

The purpose of this appeal is to bring about the surcharge of trustees which the Orphans' Court refused.

Michael J. Mallon in his will gave to his wife one-third of his personal estate absolutely, and one-third of the income from his real estate. After certain other bequests he disposed of the residue to his executors in trust

to hold until the youngest of his six children became of age, the income to be used for their maintenance and education. When the youngest child reached maturity, the principal was directed to still be held, the income to be divided among the children; the share of any child dying to pass to issue until arrival at twenty-one, at which time the share of principal coming to it under the intestate laws passed absolutely. The will then proceeds in this language: "I hereby give to my executors and their successors full power and authority, if they so see fit to pay to any of my children the whole or any part of a one sixth share of the principal of my estate and in the event of the payment of the whole one sixth of the principal of my estate to any child the said child and its issue shall have no further interest in or claim against my estate, or in the event of the payment of a portion of said one sixth of the principal of my estate to any child the interest of said child or its issue shall be reduced by the payment so made."

By codicil he appointed his wife, Theresa, and his three sons executors. Francis, one of the sons, is dead. He did not appropriate to himself the one-sixth share he had the power to take, or any part of it. The surcharge is sought by the guardian for his children who would have taken nothing had he not refrained. None of the other beneficiaries join in the demand for surcharge. The basis of the claim is, that the trustees, their father being one of them, violated their duty of loyalty by investing $40,000.00 of the principal of the estate in mortgages on land in which they, and some of the other adult beneficiaries, had a fractional interest. No question is raised as to the value of the mortgaged property.

We think, under the peculiar circumstances here existing, this is not a case for the application of the so-called "duty of loyalty" requirement of trustees: *(Tracy v. Central Trust Co.,* 327 Pa. 77, 192 A. 869; Restatement, Trusts, Sec. 170; Scott on Trusts, Sec. 170), which has as its basis, the principle, that a trustee must ad-

minister the trust solely in the interest of the benefici-
aries, and must not deal with trust property for the
benefit of himself, because the father had the right to vest
himself with an absolute estate.

The Orphans' Court correctly and justly solved the
problem by the statement in its opinion, "In the last
analysis the conclusion is irresistible that the life bene-
ficiaries had what was tantamount to an absolute estate,
or at least an estate which they might as trustees convert
into one at any time. So considered, the minors here
must be regarded as having received their inheritance by
the grace of their father, and principles of equity require
them to take 'cum onere' ".

Having disposed of the main question, the other one
suggested covering payment of taxes does not arise.

Decree affirmed. Costs to be paid out of the estate.