J-A27016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANCES J. NOWICKI TRUST, BY ALLAN J. NOWICKI, TRUSTEE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : : | |
| | : | No. 1117 EDA 2020 |
| KATHERINE E. RIGHTER | : | |

Appeal from the Order Entered February 28, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2019-08819

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  MARCH 19, 2021**

Appellant Frances J. Nowicki Trust (the Trust), by Allan J. Nowicki, Trustee (Nowicki), appeals *pro se* from the trial court's order granting Appellee Katherine E. Righter's motion for judgment on the pleadings and dismissing Appellant's complaint with prejudice.  Appellant claims the trial court erred by concluding that Nowicki lacked standing to bring this action on behalf of the Trust.  We affirm.

We adopt the factual and procedural history set forth in the trial court's opinion.  **See** Trial Ct. Op., 7/23/20, at 1-5.  In relevant part, Nowicki and Mary Frances Senior (Co-trustee Senior) are the two co-trustees of the Trust. The corpus of the Trust is real property located at 35 Clay Ridge Road, Ottsville, PA 18942 (Property).  After disagreements between the co-trustees,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Co-trustee Senior petitioned the orphans' court for authority to unilaterally sell the Property. The orphans' court authorized Co-trustee Senior to sell the Property without Nowicki's agreement. Co-trustee Senior entered into both an agreement of sale and a residential lease agreement for the Property with Appellee.

On December 24, 2019, Nowicki unilaterally filed a complaint on behalf of the Trust alleging that Appellee breached the lease and seeking to evict Appellee from the Property. Nowicki claimed that the Trust declaration, which he attached to his complaint as an exhibit, authorized him to commence this action.

Appellee filed an answer and new matter, denying the alleged breaches of the lease and asserted that Nowicki had no authority to file the action without the support of Co-trustee Senior. Appellee attached copies of the orphans' court's decrees approving the sale of the Property to Appellee and authorizing Co-trustee Senior to execute documents at closing on behalf of the Trust without the approval of Nowicki. Appellant filed a reply to the new matter.

On February 10, 2020, Appellee filed a motion for judgment on the pleadings. Therein, she argued that according to the terms of the Trust instrument, Nowicki lacked standing and capacity to bring this action on behalf of the Trust. Appellee argued that trustees must act unanimously except where authorized by court decree and that no court decree authorized Nowicki to unilaterally evict Appellee from the Property. Nowicki responded that he

- 2 -

had standing because 20 Pa.C.S. § 7763(g) requires a trustee to prevent fraud and further waste of the Trust assets.

By the order issued February 24, 2020, and entered February 28, 2020,[1] the trial court granted Appellee's motion for judgment on the pleadings and dismissed the case with prejudice on February 28, 2020.[2] Appellant filed a timely notice of appeal.[3] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive opinion.

_____

[1] We note that Appellant captioned this appeal as a challenge to the "February **24**, **2019**" order. **See** Notice of Appeal, 5/11/20 (emphasis added). However, the trial court's order was dated February 24, 2020, docketed on February 27, 2020, and served on February 28, 2020. **See** Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties). We have amended the caption accordingly.

[2] The trial court opinion states that it denied Appellant's second motion for reconsideration, which was filed on March 17, 2020. Trial Ct. Op. at 5. An order denying Appellant's second motion for reconsideration does not appear on the trial court docket or in the certified record. As a motion for reconsideration does not toll the appeal period, the absence of an order denying this motion does not affect the finality of trial court's February 28, 2020 order granting Appellee's motion for judgment on the pleadings. **See generally Gardner v. Consol. Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014).

[3] Appellant did not file his notice of appeal until May 11, 2020. However, on March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency due to the COVID-19 pandemic. **See In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. filed Mar. 16, 2020) (*per curiam*). In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency. Further, as is relevant to the case at bar, the Supreme Court generally suspended **"all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." In re: General Statewide Judicial Emergency**, 228 A.3d 1283 (Pa. filed Mar. 18, 2020)

Appellant raises the following issue for our review: "Did the [trial] court err[] in granting [Appellee's] motion for judgment on the pleadings?" Appellant's Brief at 4 (some formatting altered).

Nowicki claims he filed this action to enforce the terms of the residential agreement after Appellee breached the lease and Co-trustee Senior refused to enforce it. *Id.* at 9, 14. Nowicki argues that he has standing to bring this action pursuant to the Uniform Trust Act, which requires trustees to exercise reasonable care to prevent a co-trustee from committing a breach of trust involving fraud or self-dealing. *Id.* at 10 (citing 20 Pa.C.S. § 7763(g)).

Appellee responds that Nowicki lacks standing and capacity to sue on behalf of the Trust, because as a co-trustee, he cannot act unilaterally on behalf of the Trust. Appellee's Brief at 10-11. Further, Appellee argues that there is no statute or court order authorizing Nowicki to act unilaterally on behalf of the Trust to evict Appellee from the Property. *Id.* at 11-12. Appellee also contends that under the terms of the Trust instrument, the co-trustees must act jointly and not singly. *Id.* at 12-13. Appellee argues that Section 7763(g) only authorizes one co-trustee to initiate an action against another

_____

(*per curiam*) (emphasis added). As to the general suspension of time calculations and deadlines, on April 28, 2020, the Supreme Court ordered that "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. filed Apr. 28, 2020) (*per curiam*) (emphasis omitted). Therefore, we consider Appellant's appeal, which was due on March 30, 2020, and filed on May 11, 2020, as being timely filed.

co-trustee for fraud or self-dealing and does not permit one co-trustee to bring

an action for breach of a lease against a third party. *Id.* at 13-14.

Our standard and scope of review in this matter are as follows:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa.

Super. 2015) (citation omitted).

This Court has explained:

[i]n Pennsylvania, a party seeking judicial resolution of a controversy must establish as a threshold matter that he has standing to maintain the action. The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution to his challenge.

Thus, the inquiry into standing ascertains whether a party is the proper party entitled to make the legal challenge to the matter

- 5 -

involved. A person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter.

*In re Walker*, 208 A.3d 472, 475 (Pa. Super. 2019) (citations and footnote omitted) (some formatting altered), *appeal denied*, 218 A.3d 856 (Pa. 2019).

Our Supreme Court has explained:

In a general sense, capacity to sue refers to the legal ability of a person to come into court, and want of capacity to sue has reference to or involves only a general legal disability, such as infancy, lunacy, idiocy, coverture, **want of authority**, or a want of title in plaintiff in the character in which he or she sues. . . . In substance, as well as in practice, however, the notion of capacity to sue is extremely amorphous. Indeed, this Court has previously referred to the blurry distinction between capacity to sue and standing as a "somewhat metaphysical question."

*In re Estate of Sauers*, 32 A.3d 1241, 1248-49 (Pa. 2011) (citations omitted) (some formatting altered) (emphasis in original).

It is well-established that "where there are two or more trustees of an estate, all of them constitute but one collective trustee and must act jointly on a matter which calls for an exercise of discretion or judgment as distinguished from a matter of a purely ministerial character." *Deviney v. Lynch*, 94 A.2d 578, 581 (Pa. 1953) (citations omitted). The Uniform Trusts Act "does not allocate or divide co-trustees' decision-making authority among the trustees. As is the case regarding most other [Uniform Trusts Act] provisions, a settlor may provide in the trust document for a regime different

from this one." ***In re Jackson***, 174 A.3d 14, 26 (Pa. Super. 2017) (citing 20 Pa.C.S. § 7705).[4]

Our Supreme Court has previously explained that "[i]f there are several [co-]trustees, one or more of them can maintain a suit **against another to** compel him to perform his duties under the trust, or **to enjoin him from committing a breach of trust**, or to compel him to redress a breach of trust committed by him." ***Tracy v. Cent. Tr. Co.***, 192 A. 869, 870 (Pa. 1937) (citations omitted) (emphases added).

Section 7763 of Uniform Trusts Act states in relevant part:

**(a) Majority decision.**—Co[-]trustees who do not reach a unanimous decision may act by majority decision.

**(a.1) When no majority.**—When a dispute arises among trustees as to the exercise or nonexercise of any of their powers and there is no agreement by a majority of them, unless otherwise provided by the trust instrument, the court in its discretion, upon petition filed by any of the trustees or any party in interest . . . may direct the exercise or nonexercise of the power as it deems necessary for the best interest of the trust.

* * *

**(g) Reasonable care.—**Each trustee shall exercise reasonable care to:

(1) prevent a co[-]trustee from committing a breach of trust involving fraud or self-dealing; and

(2) compel a co[-]trustee to redress a breach of trust involving fraud or self-dealing.

---

[4] "The common law of trusts and principles of equity supplement [the Uniform Trusts Act], except to the extent modified by this chapter or another statute of this Commonwealth." 20 Pa.C.S. § 7706.

20 Pa.C.S. § 7763(a), (a.1), (g).

Based on our review of the record, the parties' briefs, and the trial court's opinion, we affirm on the basis on the trial court's opinion. **See** Trial Ct. Op. at 6-9. Nowicki has not established that he has the standing or capacity to unilaterally bring a civil action against Appellee on behalf of the Trust in the absence of Co-trustee Senior's agreement or a court order. **See Rourke**, 116 A.3d at 91; **Deviney**, 94 A.2d at 581; 20 Pa.C.S. § 7763(a.1). For these reasons, we discern no error by the trial court in granting Appellee's motion for judgment on the pleadings and dismissing the complaint with prejudice. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/21