J-A27016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANCES J. NOWICKI TRUST, BY ALLAN J. NOWICKI, TRUSTEE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1117 EDA 2020 |
| KATHERINE E. RIGHTER | : | |

Appeal from the Order Entered February 28, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2019-08819

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED:  MARCH 19, 2021**

Appellant Frances J. Nowicki Trust (the Trust), by Allan J. Nowicki, Trustee (Nowicki), appeals *pro se* from the trial court's order granting Appellee Katherine E. Righter's motion for judgment on the pleadings and dismissing Appellant's complaint with prejudice.  Appellant claims the trial court erred by concluding that Nowicki lacked standing to bring this action on behalf of the Trust.  We affirm.

We adopt the factual and procedural history set forth in the trial court's opinion.  *See* Trial Ct. Op., 7/23/20, at 1-5.  In relevant part, Nowicki and Mary Frances Senior (Co-trustee Senior) are the two co-trustees of the Trust. The corpus of the Trust is real property located at 35 Clay Ridge Road, Ottsville, PA 18942 (Property).  After disagreements between the co-trustees,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Co-trustee Senior petitioned the orphans' court for authority to unilaterally sell the Property. The orphans' court authorized Co-trustee Senior to sell the Property without Nowicki's agreement. Co-trustee Senior entered into both an agreement of sale and a residential lease agreement for the Property with Appellee.

On December 24, 2019, Nowicki unilaterally filed a complaint on behalf of the Trust alleging that Appellee breached the lease and seeking to evict Appellee from the Property. Nowicki claimed that the Trust declaration, which he attached to his complaint as an exhibit, authorized him to commence this action.

Appellee filed an answer and new matter, denying the alleged breaches of the lease and asserted that Nowicki had no authority to file the action without the support of Co-trustee Senior. Appellee attached copies of the orphans' court's decrees approving the sale of the Property to Appellee and authorizing Co-trustee Senior to execute documents at closing on behalf of the Trust without the approval of Nowicki. Appellant filed a reply to the new matter.

On February 10, 2020, Appellee filed a motion for judgment on the pleadings. Therein, she argued that according to the terms of the Trust instrument, Nowicki lacked standing and capacity to bring this action on behalf of the Trust. Appellee argued that trustees must act unanimously except where authorized by court decree and that no court decree authorized Nowicki to unilaterally evict Appellee from the Property. Nowicki responded that he

- 2 -

had standing because 20 Pa.C.S. § 7763(g) requires a trustee to prevent fraud and further waste of the Trust assets.

By the order issued February 24, 2020, and entered February 28, 2020,[1] the trial court granted Appellee's motion for judgment on the pleadings and dismissed the case with prejudice on February 28, 2020.[2]  Appellant filed a timely notice of appeal.[3]  Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive opinion.

---

[1] We note that Appellant captioned this appeal as a challenge to the "February **24**, **2019**" order. **See** Notice of Appeal, 5/11/20 (emphasis added).  However, the trial court's order was dated February 24, 2020, docketed on February 27, 2020, and served on February 28, 2020.  **See** Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties).  We have amended the caption accordingly.

[2] The trial court opinion states that it denied Appellant's second motion for reconsideration, which was filed on March 17, 2020.  Trial Ct. Op. at 5.  An order denying Appellant's second motion for reconsideration does not appear on the trial court docket or in the certified record.  As a motion for reconsideration does not toll the appeal period, the absence of an order denying this motion does not affect the finality of trial court's February 28, 2020 order granting Appellee's motion for judgment on the pleadings.  **See generally Gardner v. Consol. Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014).

[3] Appellant did not file his notice of appeal until May 11, 2020.  However, on March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency due to the COVID-19 pandemic.  **See In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. filed Mar. 16, 2020) (*per curiam*).  In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency.  Further, as is relevant to the case at bar, the Supreme Court generally suspended **"all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines."**  **In re: General Statewide Judicial Emergency**, 228 A.3d 1283 (Pa. filed Mar. 18, 2020)

Appellant raises the following issue for our review: "Did the [trial] court err[] in granting [Appellee's] motion for judgment on the pleadings?" Appellant's Brief at 4 (some formatting altered).

Nowicki claims he filed this action to enforce the terms of the residential agreement after Appellee breached the lease and Co-trustee Senior refused to enforce it. *Id.* at 9, 14. Nowicki argues that he has standing to bring this action pursuant to the Uniform Trust Act, which requires trustees to exercise reasonable care to prevent a co-trustee from committing a breach of trust involving fraud or self-dealing. *Id.* at 10 (citing 20 Pa.C.S. § 7763(g)).

Appellee responds that Nowicki lacks standing and capacity to sue on behalf of the Trust, because as a co-trustee, he cannot act unilaterally on behalf of the Trust. Appellee's Brief at 10-11. Further, Appellee argues that there is no statute or court order authorizing Nowicki to act unilaterally on behalf of the Trust to evict Appellee from the Property. *Id.* at 11-12. Appellee also contends that under the terms of the Trust instrument, the co-trustees must act jointly and not singly. *Id.* at 12-13. Appellee argues that Section 7763(g) only authorizes one co-trustee to initiate an action against another

_____

(*per curiam*) (emphasis added). As to the general suspension of time calculations and deadlines, on April 28, 2020, the Supreme Court ordered that "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. filed Apr. 28, 2020) (*per curiam*) (emphasis omitted). Therefore, we consider Appellant's appeal, which was due on March 30, 2020, and filed on May 11, 2020, as being timely filed.

co-trustee for fraud or self-dealing and does not permit one co-trustee to bring

an action for breach of a lease against a third party. *Id.* at 13-14.

Our standard and scope of review in this matter are as follows:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa.

Super. 2015) (citation omitted).

This Court has explained:

[i]n Pennsylvania, a party seeking judicial resolution of a controversy must establish as a threshold matter that he has standing to maintain the action. The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution to his challenge.

Thus, the inquiry into standing ascertains whether a party is the proper party entitled to make the legal challenge to the matter

- 5 -

involved. A person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter.

*In re Walker*, 208 A.3d 472, 475 (Pa. Super. 2019) (citations and footnote omitted) (some formatting altered), *appeal denied*, 218 A.3d 856 (Pa. 2019).

Our Supreme Court has explained:

In a general sense, capacity to sue refers to the legal ability of a person to come into court, and want of capacity to sue has reference to or involves only a general legal disability, such as infancy, lunacy, idiocy, coverture, **want of authority**, or a want of title in plaintiff in the character in which he or she sues. . . . In substance, as well as in practice, however, the notion of capacity to sue is extremely amorphous. Indeed, this Court has previously referred to the blurry distinction between capacity to sue and standing as a "somewhat metaphysical question."

*In re Estate of Sauers*, 32 A.3d 1241, 1248-49 (Pa. 2011) (citations omitted) (some formatting altered) (emphasis in original).

It is well-established that "where there are two or more trustees of an estate, all of them constitute but one collective trustee and must act jointly on a matter which calls for an exercise of discretion or judgment as distinguished from a matter of a purely ministerial character." *Deviney v. Lynch*, 94 A.2d 578, 581 (Pa. 1953) (citations omitted). The Uniform Trusts Act "does not allocate or divide co-trustees' decision-making authority among the trustees. As is the case regarding most other [Uniform Trusts Act] provisions, a settlor may provide in the trust document for a regime different

- 6 -

from this one." ***In re Jackson***, 174 A.3d 14, 26 (Pa. Super. 2017) (citing 20 Pa.C.S. § 7705).[4]

Our Supreme Court has previously explained that "[i]f there are several [co-]trustees, one or more of them can maintain a suit **against another to compel** him to perform his duties under the trust, or **to enjoin him from committing a breach of trust**, or to compel him to redress a breach of trust committed by him." ***Tracy v. Cent. Tr. Co.***, 192 A. 869, 870 (Pa. 1937) (citations omitted) (emphases added).

Section 7763 of Uniform Trusts Act states in relevant part:

**(a) Majority decision.**—Co[-]trustees who do not reach a unanimous decision may act by majority decision.

**(a.1) When no majority.**—When a dispute arises among trustees as to the exercise or nonexercise of any of their powers and there is no agreement by a majority of them, unless otherwise provided by the trust instrument, the court in its discretion, upon petition filed by any of the trustees or any party in interest . . . may direct the exercise or nonexercise of the power as it deems necessary for the best interest of the trust.

\*    \*    \*

**(g) Reasonable care.**—Each trustee shall exercise reasonable care to:

(1) prevent a co[-]trustee from committing a breach of trust involving fraud or self-dealing; and

(2) compel a co[-]trustee to redress a breach of trust involving fraud or self-dealing.

---

[4] "The common law of trusts and principles of equity supplement [the Uniform Trusts Act], except to the extent modified by this chapter or another statute of this Commonwealth." 20 Pa.C.S. § 7706.

20 Pa.C.S. § 7763(a), (a.1), (g).

Based on our review of the record, the parties' briefs, and the trial court's opinion, we affirm on the basis on the trial court's opinion. **See** Trial Ct. Op. at 6-9. Nowicki has not established that he has the standing or capacity to unilaterally bring a civil action against Appellee on behalf of the Trust in the absence of Co-trustee Senior's agreement or a court order. **See Rourke**, 116 A.3d at 91; **Deviney**, 94 A.2d at 581; 20 Pa.C.S. § 7763(a.1). For these reasons, we discern no error by the trial court in granting Appellee's motion for judgment on the pleadings and dismissing the complaint with prejudice. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/21

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

THE FRANCES J. NOWICKI TRUST, :     No. 2019-08819
BY ALLAN J. NOWICKI, TRUSTEE   :

          v.            :

KATHERINE E. RIGHTER       :

                    . :

Case #: 2019-08819-0062    12631658
Main (Public)
Code: 5214      Judge:37
Rcpt: Z2353723  7/23/2020 11:42:38 AM

**OPINION**

This is an appeal purportedly by the Frances J. Nowicki Trust by Co-Trustee Allan J. Nowicki, (hereinafter "Nowicki") from our Order entered on February 24, 2020, granting tenant, Katherine E. Righter's (hereinafter "Righter") Motion for Judgment on the Pleadings for Lack of Standing or Capacity to Sue.

BACKGROUND

The current action arises out of a Trust (hereinafter "the Trust") executed by Frances J. Nowicki (hereinafter "Settlor") on December 31, 2010. The Trust appointed Allan J. Nowicki and Mary Frances Senior (hereinafter "Co-Trustee Senior") as Co-Trustees. Pursuant to the terms of the Trust, Settlor conveyed her real property located at 35 Clay Ridge Road, Ottsville, PA 18942 (hereinafter "the Property") to the Co-Trustees. Settlor died on March 1, 2017, making the Trust irrevocable.

Due to disagreements amongst the Co-Trustees concerning the disposition of the Property, Co-Trustee Senior petitioned the Orphans' Court Division of the Bucks County Court of Common Pleas (hereinafter the "Orphans Court"), for relief to authorize the marketing and sale of the Property (Bucks County Court

1

of Common Pleas Orphans' Court Docket 2018-E0156) which resulted in a decree on August 24, 2018. The Orphans Court authorized a listing agreement for the Property and ordered that:

a. "In the best interest of the Trust, the Petition seeking an Order of Court exercising the power of the Trustees to sell real estate filed by the Petitioner, Mary Senior, is granted pursuant to 20 Pa. C.S.A. § 7763(a)(a.1) as no agreement can be reached by the Co-Trustees concerning the sale and disposition of the Property."

b. "The Trustees shall sign a listing agreement for the sale of the Property within thirty (30) days of the date of this Decree."

c. "The Trustees are further ordered to take reasonable steps to effectuate the Property's sale for a just price to a responsible, ready, and able buyer. The Trustees shall also engage with one another in a cooperative and respectful manner."

Upon consideration of the subsequent Petition to Enforce the Decree of August 24, 2018, filed by Co-Trustee Senior, the Orphans Court issued another Decree on November 14, 2018. The Orphans Court authorized an agreement of sale and found that:

a. "Mary Senior and Allan J. Nowicki are unable to come to an agreement with respect to effectuating the sale of the Property."

b. "In the best interest of the Trust, the listing contracts signed by Petitioner are valid, enforceable, and binding upon the Trust. The Trust, by and through co-trustee Mary Senior, may proceed to

2

sell the Property without the agreement of Allan J. Nowicki, with final approval of sale by the Court."

On April 26, 2019, pursuant to the Decree of August 24, 2018, Co-Trustee Senior, as seller and Trustee, signed an agreement of sale that conveyed the Trust's right, title, and interest in the Property to Righter. Righter, as buyer, signed the agreement on April 28, 2019.

Settlement was to be June 17, 2019 but was subsequently postponed to August 21, 2020.

Upon consideration of the subsequent Amended Petition to Approve Agreement of Sale and Conservation Easement filed by Co-Trustee Senior, the Orphans Court approved the purchase of the premises to Righter by decree on July 5, 2019. The Orphans Court gave Co-Trustee Senior unilateral power to execute any documents at closing and held:

a. "the Agreement of Sale and the proposed sale of the conversation easement are hereby approved;"

b. "we find that the sale of the property to prospective buyer Katherine Righter proposed by Co-Trustee Mary Senior pursuant to this Court's November 14, 2018 Order is reasonable and in the best interest of the Trust;" and

c. "Co-Trustee Mary Senior is authorized to execute any documents at closing on behalf of the Frances J. Nowicki Trust without the joinder or approval of Co-Trustee Allan Nowicki."

3

On October 1, 2019, the Frances J. Nowicki Trust, through Co-Trustee Senior, entered into a lease agreement with Righter. The lease agreement referencing the July 5, 2019 Decree, authorized Mary Senior to execute closing documents unilaterally and acknowledged Righter as the equitable owner of the Leased Premises.

On December 24, 2019, purporting to represent the Frances J. Nowicki Trust, Nowicki unilaterally filed the Complaint against Righter to evict her from the Property, alleging various non-monetary breaches of the Lease.

On January 10, 2020, Righter filed an Answer, denying that Nowicki had authority to file the action and denying the alleged breaches of the lease. On January 16, 2020, Nowicki filed a Reply, arguing that the decrees from the Orphans' Court of Bucks County had been appealed to the Superior Court. However, Nowicki has since discontinued his appeal and the Superior Court filed an Order Granting Application for Discontinuance on April 27, 2020 (Superior Court Docket No. 2184 EDA 2019).

On February 10, 2020, Righter filed a Motion for Judgment on the Pleadings for Lack of Standing or Capacity to bring the current action. Upon consideration of Righter's Motion for Judgment on the Pleadings, any other relevant pleadings, and Nowicki's response thereto, we entered an Order dismissing the case with prejudice on February 24, 2020, docketed on February 28, 2020.

Nowicki proceeded to file a Motion for Reconsideration of our February 24, 2020 Order on February 28, 2020. He then proceeded to file an Amended Motion for Reconsideration on March 4, 2020. Upon review of his Motions for

4

Reconsideration, we entered an Order denying the motions on March 5, 2020, docketed on March 11, 2020. Nowicki then proceeded to file another Motion for Reconsideration of our Order dated March 17, 2020, of which we also denied.

This appeal followed.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

As a result of Nowicki's Notice of Appeal, we subsequently issued a 1925(b) Order on June 1, 2020, docketed on June 4, 2020. This Order provided that Nowicki was to submit a Statement of Matters Complained of on Appeal within twenty-one days of the date of the Order. Nowicki submitted a timely Concise Statement on June 22, 2020. We have quoted it below verbatim:

> "1. The Trial Court erred in Granting Defendant's Motion for Judgment on the Pleadings for Lack of Standing or Capacity to Bring this Action because: Co-Trustee, Allan J. Nowicki had standing pursuant to Pennsylvania Code Title 20 Decedents, Estates and Fiduciaries, Chapter 77-Trusts, 7763-Cotrustees-UTC 703 (g) Reasonable care. Each trustee shall exercise reasonable care to:
>
> > (1) prevent a co-trustee from committing a breach of trust involving fraud or self-dealing; and
>
> > (2) compel a co-trustee to redress a breach of trust involving fraud or self-dealing.
>
> 2. Appellant hereby incorporates by reference, as if fully set forth herein Plaintiff's Motion(s) for Reconsideration in further support of the Errors Complained of on Appeal."

5

## DISCUSSION

### JUDGMENT ON THE PLEADINGS

The first issue before the Court is whether we erred in granting Righter's Motion for Judgment on the Pleadings because Nowicki had no legal standing to pursue this action on behalf of the Trust.

When "reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's scope of review is plenary; the appellate court will apply the same standard employed by the trial court." *Kelly v. Nationwide Ins. Co.*, 414 Pa.Super. 6, 606 A.2d 470 (1992).

Pursuant to Pa. R.C.P. 1034, "after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." A court should "grant a motion for judgment on the pleadings where the pleadings demonstrate that no genuine issue of fact exists, and that the moving party is entitled to judgment as a matter of law." *McAllister v. Millville Mut. Ins. Co.*, 433 Pa. Super. 330, 334, 640 A.2d 1283, 1285 (1994). Furthermore, "a trial court must confine its consideration to the pleadings and relevant documents and accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Fowkes v. Shoemaker*, 443 Pa. Super. 343, 346, 661 A.2d 877, 878 (1995).

6

The current issue at hand is whether, based on the pleadings, Nowicki even had standing to bring this action in the first place. We assert that he does not.

Generally, for a party to have standing to sue "there [must be] a legitimate controversy if the proponent of a legal action has somehow been 'aggrieved' by the matter he seeks to challenge." *In re Hickson*, 573 Pa. 127, 136, 821 A.2d 1238, 1243 (2003), *Local 22, Phila. Fire Fighters' Union, etc. v. Commonwealth*, 531 Pa. 334, 340, 613 A.2d 522, 525 (1992). Likewise, "a party who is not negatively affected by the matter he seeks to challenge is not aggrieved, and thus, has no right to obtain judicial resolution of his challenge." *City of Philadelphia v. Com.*, 575 Pa. 542, 559–60, 838 A.2d 566, 577 (2003). A lack of capacity to sue exists where "there is some personal disability to bring suit by some statute or by reason that the plaintiff is not sui juris." *Martz v. Gibson*, 5 Pa. D & C.2d 227, 228-29 (C.P. 1955).

Specifically, where a litigant is bringing an action as a co-trustee on behalf of a trust, the co-trustees must act in agreement. "As a general proposition of law, where there are two or more trustees of an estate, all of them constitute but one collective trustee and must act jointly on a matter which calls for an exercise of discretion or judgment as distinguished from a matter of a purely ministerial character." *Deviney v. Lynch*, 372 Pa. 570, 576, 94 A.2d 578, 581 (1953), *Dorrance's Estate*, 333 Pa. 162, 166, 3 A.2d 682, 684 (1939). It is well-settled that "[co-trustees] must, therefore, execute the duties of the office in their joint capacity." *Vandever's Appeal*, 8 Watts & Serg. 405, 409 (Pa. 1845).

7

Under 20 Pa.C.S. § 7763(a) "co-trustees who do not reach a unanimous decision may act by majority decision." However, "when a dispute arises among trustees as to the exercise or non-exercise of any of their powers and there is no agreement by a majority of them, unless otherwise provided by the trust instrument, the court in its discretion, upon petition filed by any of the trustees or any party in interest...may direct the exercise or non-exercise of the power as it deems necessary for the best interest of the trust." (a.1). This statute "does not allocate or divide co-trustees' decision-making authority among the trustees." *In re Jackson*, 2017 PA Super 350, 174 A.3d 14, 26 (2017).

Here, Nowicki has attempted to bring this lawsuit without the consent of his fellow co-trustee. In order to bring an action on behalf of the trust, Nowicki and Co-Trustee Senior must act collectively and unanimously. Senior has intervened in this action and has expressly opposed Nowicki's suit. Nothing in the Trust itself gives Nowicki the power to unilaterally commence an action on behalf of the Trust. Co-Trustee Senior, who already litigated the interpretation and implementation of the Trust in the Orphans Court of Bucks County, was given the power by the Orphans Court to do whatever is necessary to execute the sale of the Property, as it is in the best interest of the Trust.

While Nowicki appealed the Orphans Court Order granting her that power, he has withdrawn his appeal. Nowicki's current action is merely an attempt by Nowicki to circumvent the Orphans Court Order and to quash the sale of the Property, essentially attempting to scare off this buyer with continued litigation.

8

Moreover, no court decree has authorized Nowicki to act unilaterally to evict Righter from the very Property in which the Orphans Court authorized Righter to possess.

In an attempt to reassert his position, Nowicki has cited law generally guiding the duties of co-trustees. However, the provisions cited by Nowicki are largely irrelevant to the issue at hand, nor did they provide any guidance for our decision.

Therefor Nowicki lacks standing to bring this action on behalf of the Trust.


MOTION FOR RECONSIDERATION

The second issue before the Court is whether we erred in denying Nowicki's Motion(s) for Reconsideration. We assert that Nowicki has waived this issue by failing to comply with requirements under Pa.R.A.P. 1925.

Pursuant to the requirements under 1925(b)(4)(ii) "the Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." "An appellant cannot satisfy the requirements of Rule 1925(b) by incorporating by reference the arguments contained in other filings." *Stephens v. Smith*, 2016 Phila. Ct. Com. Pl. LEXIS 206, 13-14. *citing Commonwealth v. Dodge*, 2004 PA Super 338, 859 A.2d 771, 774, *vacated on other grounds*, 594 Pa. 345, 935 A.2d 1290 (2007). "We do not condone Appellant's incorporation by reference of other documents in his 1925(b) statement. A 1925(b) statement should include a concise

statement of each issue to be raised on appeal without reference to other documents." *Dodge*, 859 A.2d at 774.

Likewise, Nowicki fails to comply with the concise yet sufficiently detailed requirement under 1925(b)(4)(ii). Pursuant to 1925(b)(vii), "issues not raised in accordance with the provisions of this paragraph (b)(4) are waived."

The purpose of the Pa.R.A.P. 1925(b) statement "is to specify the particular issues which appellant intends to present on appeal in order to permit the trial court an opportunity to provide the appellate court with a focused and meaningful explanation for any challenged actions in its Pa.R.A.P. 1925(a) opinion." *Commonwealth v. Osteen*, 381 Pa. Super. 120, 124, 552 A.2d 1124, 1126 (1989). When "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review...and when an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *Lineberger v. Wyeth*, 2006 PA Super 35, ¶¶ 16-17, 894 A.2d 141, 148. Moreover, "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling*, 2001 PA Super 166, ¶ 9, 778 A.2d 683, 686-87.

Here, in Nowicki's Concise Statement of Matters Complained of on Appeal, he attempts to incorporate by reference his prior Motion(s) for Reconsideration. Previous courts have held that incorporation of outside documents in an appellant's Concise Statement of Matters Complained of on Appeal is not a

10

proper procedure for raising those issues. Additionally, unlike in Osteen and Dodge, where the courts were able to identify the issues raised on appeal because of the record, here we could not do the same because the issues were not detailed enough. Nowicki did not cite to any specific argument from his prior filings or direct us to any specific pages or paragraphs. Even if we could riddle our way through Nowicki's Motion(s) for Reconsideration, he asserts arguments that are largely incoherent and irrelevant. Nowicki's Motion(s) for Reconsideration largely attempt to implore us to change the prior Orphans Court decisions, alleging that his Co-Trustee has acted fraudulently. We have no power or jurisdiction in this current action to modify or rescind any Order(s) issued by the Orphans Court. Without any direction as to where he is alleging that *we* actually erred, it is impossible for us to guess what he is actually appealing here, and therefore this issue should be waived.

However, should this Court not find that this issue is waived, we will briefly address the merits of Nowicki's Motion for Reconsideration.

The standard of review of a motion for reconsideration "is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Dahl v. AmeriQuest Mortg. Co.*, 2008 PA Super 142, ¶ 10, 954 A.2d 588, 593 (2008).

A motion for reconsideration "is addressed to the sound discretion of the trial court." *Moore v. Moore*, 535 Pa. 18, 634 A.2d 163, 166 (1993). It is well established that "a court upon notice to the parties may modify or rescind any order within thirty days after its entry ... if no appeal from such an order has

11

been taken or allowed." 42 Pa.C.S.A. § 5505. Additionally, "under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration." *Haines v. Jones,* 830 A.2d 579, 584 (Pa.Super.2003). Additionally, "the trial court no longer has the power to act on a motion for reconsideration when it fails to issue an order expressly granting the motion within the time prescribed for seeking review. *Lichtman v. Glazer,* 111 A.3d 1225, 1230 (Pa. Comwlth. Ct. 2015). Here, we decided to deny Nowicki's motion(s) for reconsideration because they lacked merit.

Therefore, we were under no obligation to grant Nowicki's Motion for Reconsideration and did not err by refusing to do so.

CONCLUSION

For the reasons stated above, Nowicki's appeal should be quashed or denied.

BY THE COURT:

7-22-20
DATE

JAMES M. MCMASTER, J.

N.B. It is your responsibility to notify all interested parties of the above action.

12

**COPIES SENT TO :**

Andrew Douglas Cotlar, Esq.
23 West Court Street
Doylestown, PA 18901                    Counsel for Katherine Righter

David L. Marshall, Esquire
PO Box 1389
60 E Court St
Doylestown, PA 18901-4337         Counsel for Mary Senior

Allan J. Nowicki
PO Box 238
Erwinna, PA 18920                    Pro Se Plaintiff